---

WALZ et al. v. HOLBROOK, CABOT & ROLLINS CORPORATION.
(No. 243/56.)

(Supreme Court, Appellate Division, Third Department.   November 10, 1915.)

1. MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT—"DEPENDENT."
    Where the claimant for compensation under the Workmen's Compensation Act (Consol. Laws, c. 67) was a sister of deceased, and a schoolgirl not employed, who in fact was supported largely by deceased's earnings, she was a "dependent," within the Workmen's Compensation Act, and entitled to compensation for his death.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dependent.]

2. MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—COMPENSATION.
    An award to the dependent father and mother of deceased, killed at his employment, may properly be without limitation as to time, since Workmen's Compensation Act, § 16, subd. 4, providing for such award, contains no limitation.

3. MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—COMPENSATION.
    Where claimant for compensation did not receive support directly from deceased, but the money contributed to the family support by him was in part spent for her support, she is entitled to compensation for his death.

4. MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—INJURIES TO
   SERVANT—COMPENSATION—"DEPENDENTS."
       The Workmen's Compensation Act does not limit compensation to those
   for whose support deceased was legally chargeable, but "dependents"
   includes those supported by voluntary contribution of deceased.

5. MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—INJURIES TO
   SERVANT—COMPENSATION—WORKMEN'S COMPENSATION ACT.
       Workmen's Compensation Act, § 16, subd. 4, providing: "4. * * *
   For the support of grandchildren or brothers and sisters under the age of
   18 years, if dependent upon the deceased at the time of the accident, 15
   per centum of such wages for the support of each such person until of the
   age of 18 years; and for the support of each parent, or grandparent, of
   the deceased if dependent upon him at the time of the accident, 15 per
   centum of such wages during such dependency * * *" contemplates
   specific award for each dependent, so that although one dependent is le-
   gally chargeable with the support of another, her award is not merged in
   the award to him.

6. MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—INJURIES TO
   SERVANT—COMPENSATION—EXTENT OF DEPENDENCY.
       That one awarded compensation for the death of her brother was only
   partially dependent on him for support will not deprive her of the benefit
   of the Workmen's Compensation Act.

Appeal from Workmen's Compensation Commission.

Proceeding by Henrietta L. Walz and others for compensation un-
der the Workmen's Compensation Act, for the death of Charles L.
Walz, opposed by Holbrook, Cabot & Rollins Corporation, employer
and self-insurer. From an award by the Commission in claimants' fa-
vor, the employer appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-
ARD, and WOODWARD, JJ.

Benjamin Patterson, of New York City, for appellant.

Egburt E. Woodbury, Atty. Gen. (E. C. Aiken, Deputy Atty. Gen.,
of counsel), for respondent.

Jeremiah F. Connor, of New York City, for Workmen's Compen-
sation Commission.

LYON, J. The principal question presented by this appeal is the
right of Henrietta Walz, the sister of the deceased, to the award made
in her favor by the Workmen's Compensation Commission.

[1] Charles L. Walz met an accidental death while engaged in a
hazardous occupation as an employé of the appellant. He was 23
years of age and unmarried. He had always lived in his father's
family, the other members of which at the time of his death were his
father, mother, sister, and a younger brother. The father was 60
years of age, a carpenter by trade, but so afflicted with rheumatism
as to be able to do little work. His earnings, which were very small,
he turned over to his wife to be used toward the maintenance of the
family. The sister was a delicate schoolgirl, 15 years of age. The
brother was about 19 years old, and earning $8 or $9 a week, out of
which he paid $4 or $5 to his mother for his board. The house was
owned by the mother, who was the housekeeper and managed the
financial affairs of the family. The value of the house was not given,

but it was assessed for $2,600 and mortgaged for $2,000. The weekly wage received by the deceased was $12.98. Of this sum, he voluntarily paid into the hands of his mother each week, to assist in maintaining the family, from $8 to $10, usually the latter sum. These contributions, together with the rental received from a married daughter, who occupied four rooms on the second floor, the amount of which was not stated, seem to have constituted the family income. The amount was evidently meager to meet the necessities to which it had to be applied, as the mother stated that it had been no small matter for her to meet the interest on the mortgage. The girl earned nothing, and had no independent means of support. This fund seems to have been the only money out of which shelter, board, and clothing were furnished her. That the contributions of the deceased were in excess of the cost of his maintenance in the family is apparent from the fact that the family was to a considerable extent dependent upon such contributions for their maintenance and support.

[2] We think, in view of these facts, that the sister, as well as the father and mother, was a dependent of the deceased, within the intent of the statute. The award made to the sister was $1.95 per week until she shall arrive at the age of 18 years. The awards to the father and mother were each also 15 per cent. of the weekly wage of the deceased, but were without limitation as to time. This was in accordance with Workmen's Compensation Law, § 16, subd. 4. That the father and mother were dependents, we do not understand to be seriously questioned.

[3] The appellant contends, however, that the sister was not a dependent within the meaning of the statute, for the reasons that the moneys for her support were not paid directly to her individually by the deceased, and that her parents were legally chargeable with such support. If dependent upon the moneys contributed to her support by the deceased, such dependency was not affected by the fact that the moneys were so applied by a person to whom they had been paid by the deceased for that purpose.

[4] Nor does the statute limit the right to an award to those dependents who had the legal right to compel the deceased to furnish them support, but it applies as well to cases where the person was dependent for support upon the voluntary contributions of the deceased. There is no merit in appellant's contention that, by reason of the parents being legally chargeable with the support of the daughter, the award to them must be deemed to include any benefit to which she might otherwise be entitled, and hence that an award to her was granting double compensation.

[5] As well might it be claimed that making an award to the mother constituted double compensation, and that her right to death benefits was merged in his, by reason of the legal liability of the father for her support. Section 16, subd. 4, of the Workmen's Compensation Law expressly provided for an award to each as follows:

"4. * * * For the support of grandchildren or brothers and sisters under the age of 18 years, if dependent upon the deceased at the time of the accident, 15 per centum of such wages for the support of each such person un-

til of the age of 18 years; and for the support of each parent, or grandparent, of the deceased if dependent upon him at the time of the accident, 15 per centum of such wages during such dependency.  *  *  * "

The statute plainly intended that the award to each person should be for the support of such person. It is made exempt from all claims of creditors and from levy, execution, attachment, or other remedy for the recovery and collection of a debt, and this exemption may not be waived. Section 33, Workmen's Compensation Law. The sister was clearly dependent upon the deceased to the extent that his contributions were necessarily used for her support.

[6] The question of dependency is one of fact. The statute does not require that a person shall be wholly dependent in order to be entitled to the death benefit, and the fact that the sister was in part dependent for her support from sources other than the contributions of the deceased will not deprive her of the benefit of the statute. Actual partial dependency of a person bearing one of the several relationships specified in the statute will suffice.

We think the action of the Commission in awarding compensation to the father, mother, and sister of the deceased was right, and should be affirmed. All concur.