Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claims of MARGUERITE BIRMINGHAM, Widow, and VIRGINIA BIRMINGHAM, Mother, Respondents, for Compensation to Themselves  under the Workmen's Compensation Law for the Death of HAROLD BIRMINGHAM, *v.* WESTINGHOUSE ELECTRIC AND MANUFACTURING COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 14, 1917.

**Workmen's Compensation Law — when mother of deceased, with husband earning good wages, not dependent — evidence.**

The provisions of subdivision 4 of section 16 of the Workmen's Compensation Law, as amended, are a command to the State Industrial Commission whenever it attempts to ascertain who are dependents of a deceased employee, to take into consideration the circumstances· at the time of the accident, and it affords the rule upon an appeal from an award and limits the Commission to a consideration of the circumstances prevailing at the time of the accident.

Although the statute makes the findings of fact by the Commission conclusive where there is any evidence in support thereof, it is necessary to show, not that a son boarding with his wife at the home of his parents has given his mother sums of money which would fairly compensate for the entertainment received, but that the mother stood in a position where such sums of money were necessary to her own support.

The statute clearly intends that the award to each person shall be for the support of such person and not for the maintenance of such a family as the claimant may elect to collect around her, and to whom she owes no legal obligation.

Evidence examined, and *held*, insufficient to establish that the mother of the deceased, aged forty-two years, with a husband in good physical condition, earning over twenty-one dollars per week when employed, was a dependent of the deceased within the meaning of the statute.

APPEAL by the defendants, Westinghouse Electric and Manufacturing Company and another, from so much of an award of the State Industrial Commission, entered in the office of the said Commission on the 28th day of April, 1917, as awards compensation to Virginia Birmingham, the mother of the deceased employee.

*Amos H. Stephens* [*William B. Davis* on the brief; *E. Clyde Sherwood* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General* of counsel], and *Robert W. Bonynge,* counsel to State Industrial Commission, for the respondents.

WOODWARD, J.:

Harold Birmingham received fatal injuries on the 10th day of June, 1916, while employed by the Westinghouse Electric and Manufacturing Company in New York city. He was earning average weekly wages of nineteen dollars and sixty-one cents, and there is no complaint over the award of compensation to his widow. The question presented upon this appeal is whether his mother, aged forty-two years, with a husband in good physical condition, earning something over twenty-one dollars per week when employed, was a dependent of the deceased under the provisions of subdivision 4 of section 16 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1914, chap. 316, and Laws of 1916, chap. 622).

The statute, as amended by chapter 316 of the Laws of 1914 and chapter 622 of the Laws of 1916, specially provides that all questions of dependency shall be determined as of the time of the accident, so that in the consideration of this case we are to exclude from view all of

the testimony relating to what Harold Birmingham did for his mother before his marriage, and while he lived in Pittsburgh, as well as all of the matters intruded in reference to the condition of the family subsequent to the death of the young man.  Viewing the testimony in this light, we are to examine the record and learn, if we may, whether Virginia Birmingham, mother of the decedent, was " dependent upon him at the time of the accident."  (§ 16, subd. 4.)  This is a command to the Commission whenever it attempts to ascertain who are dependents of a deceased employee to take into consideration the circumstances at the time of the accident (*Matter of Kilberg* v. *Vitch*, 171 App. Div. 89, 91), and it must afford the rule upon an appeal from an award of the Commission.  We have no right to look outside of the circumstances prevailing at that time; what occurred before or after the date of the accident is of no importance; it is what was the condition on that day.

Virginia Birmingham, the mother, claimant, after having testified at one hearing, was recalled and went over the entire matter a second time, with full opportunity to adjust herself to the probable requirements of the Commission.  She testified that she was the mother of Harold Birmingham, who died on the 15th day of June, 1916, as the result of an accident in the Westinghouse plant a day or two before; that she had a husband living, whose wages were, at the time, forty-four cents an hour, although he had been paid forty-five cents an hour prior to Harold's death; that the husband, if he worked a full week, got something over twenty-one dollars, and that he gave to the claimant nineteen dollars; that he received these wages during the year prior to the death of Harold; that he was idle for an aggregate of about three months in the year before her son's death, and that he gave her nineteen dollars each week that he worked.  The evidence developed that the Birmingham family consisted of the claimant and her husband, a married daughter, apparently living apart from her husband, and contributing nothing to the family; the mother of the claimant and a nephew, twelve years of age, and Harold Birmingham and his wife, and that Harold Birmingham contributed to his mother from twelve to seventeen dollars per week, and that both he and his wife

lived in the family, eating at a common table with the others, for which no charge was made; that this situation had existed from April, when Harold and his wife came on from Pittsburgh, down to the time of Harold's death, and it is from this standpoint that we must view the testimony. The claimant testifies that she kept the money from Harold separate from the money given her by her husband, but it is apparent from the testimony throughout that what was done was that Harold and his wife came home to Harold's parents to live; there was no bargain about board; they just lived as a part of the family, Harold contributing enough to compensate for the board of himself and wife, and the mother furnished the table, etc., out of the funds contributed by Harold and his father. But the claimant's husband was working; he had worked all of the year preceding Harold's death, with the exception of about three months, and he was getting more wages than Harold, and, so far as the testimony discloses, at the time of the accident the claimant's husband was at work and was receiving forty-five cents per hour, and was averaging over twenty-one dollars per week, while Harold was receiving less than twenty. Can there be any doubt that had the claimant and her husband been living alone, free from the burden of caring for the married daughter, the claimant's mother and the nephew, the latter of whom could have had no possible claim to compensation, and none of whom were a legal charge upon the resources of the claimant's husband, there would have been no dependency upon Harold's contributions? It was only because of the presence of these people in the household, and the burden of boarding Harold and his wife, that there was any occasion for dependency upon the part of the claimant; and it does not occur to us that either the letter or the spirit of the Workmen's Compensation Law contemplates such a dependency as is here attempted to be asserted. It was held in the case of *Main Colliery Co.* v. *Davies* (2 W. C. C. 108; cited in *Matter of Tirre* v. *Bush Terminal Co.*, 172 App. Div. 386, 389) that the mere fact that a father receives money from a son and expends it is not alone sufficient to establish dependency. As remarked by the court in *Matter of Tirre* v. *Bush Terminal Co.* (*supra*), the "record will be searched in avin for any evidence confirmatory of the claim of actual

dependency of the mother," and while dependency, as used in the Workmen's Compensation Law, " means one who looks to another for support or help," and that the dependency need not be total in order to entitle the dependent to the benefit of the statute (*Matter of Tirre, supra*), we think the evidence in this case does not support the finding of fact that the mother was dependent upon the decedent for any part of her support at the time of the accident.   There is no evidence that the amount contributed by Harold Birmingham was not the fair equivalent of the entertainment which he and his wife were receiving from the mother, and the mere fact that there was no definite .contract about board and lodging is of no consequence; a son of full age, bringing his wife to live in the family of his parents, would impliedly contract to pay for the entertainment afforded in the absence of any express contract, and there is no evidence whatever to show that the mother, with a husband earning forty-five cents an hour at the time of this accident, had any occasion to rely upon the alleged contributions of Harold Birmingham, who lived in the family, with his wife, and who may have been paying an indebtedness.   There is no evidence that these alleged contributions were in whole or in part necessary for the support of the mother. (*Matter of Tirre* v. *Bush Terminal, supra,* 390.)   Indeed, she testifies generally that Harold gave her the money, and mere gifts from a son to his mother do not constitute dependency. (See *Matter of·Tirre* v. *Bush Terminal, supra,* 390.)

It seems to us that while it is true that the statute makes the findings of fact made by the Commission conclusive where there is any evidence to support the finding (*Matter of Rhyner* v. *Hueber Bldg. Co.,* 171 App. Div. 56, 57), it is necessary to show, not that a son, boarding with his wife at the home of his parents, has given his mother sums of money which would fairly compensate for the entertainment received, but that the mother stood in a position where such sums of money were necessary to her own support.   " The statute plainly intended that the award to each person should be for the support of such person " (*Matter of Walz* v. *Holbrook, Cabot & Rollins Corp.,* 170 App. Div. 6, 9), and not for the maintenance of such a family as the claimant might elect to collect around her, and to whom she owed no legal obligation.

The law makes it the duty of a husband to support his wife, in so far as he is able, and the claimant having a husband capable of earning more than twenty-one dollars per week, and being employed with a fair degree of regularity, the presumption must be that the claimant was not dependent upon her married son for any part of her support and maintenance. No evidence is given to show that she was dependent upon him; the most that can be said of the evidence is that it shows that he contributed rather more than his share of the expenditures of a large family, but it does not show that if these contributions were withdrawn the claimant's husband was not abundantly able to care for her out of his own earnings at the time of the accident. He was not obliged to support the other members of his household; none of them had a legal claim upon him; his duty was to support his wife, and the undisputed facts show that he was earning enough to do this equally as well as it was being done if he merely discharged the duty imposed upon him by law. What the law contemplates is evidence showing that the persons mentioned in subdivision 4 of section 16 are in fact dependent, either in whole or in part. For all we may know from the record this claimant may be rich in her own right, or her husband may have an independent fortune. No claim is made to the contrary; nothing is offered to show dependency, except the fact that this deceased son, during the three months that he lived with his wife at his father's house, gave his mother from twelve dollars to seventeen dollars each week, and that she testifies that for the most part she used this for her own purposes. This court enunciated as liberal a rule as is consistent with the law in *Matter of Rhyner* v. *Hueber Bldg. Co.* (171 App. Div. 56), but there was evidence showing the true condition of the mother, and we merely held that it was not necessary to show that she had no resources whatever; that partial dependency was sufficient. Here we know nothing of the claimant's condition, except that it affirmatively appears that she has a husband capable of earning more wages than her son was earning, and it does not appear that he has any one legally depending upon him except his own wife, this claimant, while Harold's wife, who still makes her home with the claimant, has been provided compensation to the extent

fixed by the statute, and may contribute something to the household if so disposed.

The award to Virginia Birmingham should be reversed and her claim dismissed.

All concurred, except KELLOGG, P. J., not voting.

Award reversed and claim dismissed.