Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of BARBARA FREY, Respondent, for Compensation under the Workmen's Compensation Law for the Death of Her Daughter, MARY FREY, v. McLOUGHLIN BROS., INC., Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, May 7, 1919.

**Parent and child — right of father to earnings of minor child — Workmen's Compensation Law — evidence insufficient to establish dependency of mother upon earnings of minor child.**

The earnings of a minor child belong to the father.

Upon a claim by a mother as a dependent of her nineteen-year-old daughter who earned about eight dollars per week, it appeared that the father was drawing a salary of twenty dollars per week, and also had money in the bank and a house the rent from which was sufficient to pay the interest and taxes. *Held*, under the evidence, that the mother was not dependent upon the wages of her daughter, and that the claim should be dismissed.

APPEAL by the defendants, McLoughlin Bros., Inc., and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 14th day of June, 1918.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General, and *Robert W. Bonynge*, counsel to Commission [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

WOODWARD, J.:

Mary Frey was a girl nineteen years of age, living at home with her parents, and employed by McLoughlin Bros., Inc., in a hazardous employment. On the 10th of August, 1917, this girl drove a tack through one of her fingers, in the course of her employment, and one week later she died, and the

evidence supports, we believe, the finding that she died of blood poisoning. A claim was made on behalf of the father and mother as dependents. The claim of the father was rejected, on the ground that there was no dependency shown, but, strangely enough, the Commission, by a divided vote, found that the mother, the wife of the independent father, living in his home, was a dependent.

Of course the earnings of this minor child belonged to the father under the ordinary rules of law. They amounted to about eight dollars per week. She had been working about two years, and the mother says that the reason she was at work was because she was " a big girl and there was no reason why she should sit around and do nothing and her father do all the work; she was a strong girl." We find no evidence in the case that the mother depended on the earnings of this girl. Her husband was, at the time of the accident (and this is the only time that the statute considers — *Birmingham* v. *Westinghouse Electric & Mfg. Co.*, 180 App. Div. 48, 50, and authority there cited), drawing a salary of twenty dollars per week, and there is no evidence from which it can be made to appear that this did not afford the support of these two people. There is testimony that the daughter turned all of her wages — eight dollars per week — over to her mother, and that this was necessary to the support of the family, but this must be taken in connection with the fact that the daughter constituted one-third of the family, and presumptively it required as much for her support as for any one of them, and this was less than one-third of the income of the family from wages. Moreover, it appears that the father owned a four-family frame house of the assessed valuation of $4,500, on which there was a mortgage of $2,500, and that they had $1,000 in bank. The house was rented, and the testimony shows that the income was sufficient to take care of the interest and taxes, and there is evidence that the family at the time of the death of the daughter was able to save $2 per week, and that after the death of the daughter they were unable to save anything. It does not, however, show that the mother was dependent upon the income of the daughter. " The statute plainly intended that the award to each person should be for the support of such person "

(*Matter of Walz* v. *Holbrook, Cabot & Rollins Corp.*, 170 App. Div. 6, 9; *Birmingham* v. *Westinghouse Electric & Mfg. Co.*, 180 id. 48, 52), and not for the purpose of paying the mortgage upon the property owned by the claimant's husband. The evidence here shows without dispute that the mother is getting the same support now that she had while the daughter was alive; she merely says that since Mary's death she could save nothing. But her husband owes her the legal duty of supporting her; he appears to be abundantly able to do this, and no lack of disposition to discharge the duty is shown. The family goes on living as usual; no change in housing, no change in food, fuel, clothing, etc., and because there is no surplus to pay upon the debts of the husband we may not conclude that the mother was dependent upon the eight dollars a week provided by the daughter. Assuming that it required all of the earnings of the father and daughter to keep up the family expenses, the daughter was contributing less than a third of this sum, and her death, from a financial standpoint — aside from the funeral expenses in excess of $100 — would result in a saving to the family. And the question here is not the family, for an award has been denied to the father, but the dependency of the mother, and we find no evidence in the record from which the inference can be drawn that the mother has any less to-day than she had when her daughter was living, or that she was in any sense dependent upon her wages at the time of the accident and death.

The award should be reversed and the claim dismissed.

All concurred.

Award reversed and claim dismissed.