Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of SARA MULRANEY and Others, Respondents, for Compensation under the Workmen's Compensation Law for the Death of JOSEPH V. MULRANEY, v. BROOKLYN RAPID TRANSIT COMPANY, Employer and Self-Insurer, Appellant.

Third Department, March 3, 1920.

**Workmen's Compensation Law — when award to infant brother and to grandfather not justified.**

In a proceeding under the Workmen's Compensation Law for an award for the death of an unmarried man twenty-two years of age who lived with his parents and paid board, it was improper to make an award to an infant brother of the decedent who lived in the family, where it appeared that the income of the father together with the earnings of two infant children to which he was entitled made over sixty dollars per week available for the support of his family of five members, exclusive of the decedent.

So, too, it was improper to make an award to the grandfather of the decedent who lived with his wife in another house which she owned, there being

no evidence that he was not able to support his wife or that he was dependent on the alleged contributions of the decedent, consisting of occasional gifts of small amounts.

It is immaterial that the grandmother was endeavoring to pay off a mortgage on the house owned by her, for it is not the purpose of the Workmen's Compensation Law to provide money for the payment of debts of alleged dependents.

APPEAL by the defendant, Brooklyn Rapid Transit Company, from a decision and award of the State Industrial Commission, entered in the office of said Commission on the 24th day of July, 1919.

*George D. Yeomans* [*Harold L. Warner* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

Claimant's intestate was injured on May 17, 1919, producing death on that day, while at work for the Brooklyn Rapid Transit Company, a self-insurer. There is no question as to the liability of the employer for death benefits, the only matter being whether the persons to whom awards have been made were dependent upon the decedent at the time of the accident, for this is the date fixed by the statute. (Workmen's Compensation Law, § 16, as amd. by Laws of 1916, chap. 622; *Birmingham* v. *Westinghouse Electric & Mfg. Co.,* 180 App. Div. 48, 49, 50.) The decedent was twenty-two years of age, unmarried and living at home with his parents, and, at the time of the accident resulting in his death, was earning an average of twenty-one dollars and thirty cents per week. The family consisted of decedent's father, who earned twenty-three dollars and eighty-five cents per week; his sister Anna, who earned fifty dollars per month and was unmarried at eighteen years of age; his brother Bart, seventeen years of age, who earned from thirty to thirty-two dollars per week; a brother Francis, eleven years of age, who earned nothing, and the mother. Of course, the earnings of Bart, aggregating thirty to thirty-two dollars per week, belonged in law to decedent's father, and this was equally true of the twelve

dollars per week, approximately, earned by the sister, Anna. (*Frey* v. *McLoughlin Bros., Inc.,* 187 App. Div. 824, 825.) It thus appears that at the time of the accident resulting in decedent's passing, there was an income in that family of five persons, exclusive of the decedent, of at least sixty-six dollars per week, and this was all within the legal control of the father, who owed the primary duty of supporting his own family.    The evidence is to the effect that the decedent paid ten dollars per week for his board, and this, of course, has nothing to do with the problem, for he is no longer boarded. In addition to this it is claimed that he gave to his mother two or three dollars' worth of groceries, etc., in each week, but there is nothing in the record to show that the mother was in any degree dependent upon these alleged gifts, and it has been said that " the mere fact that a father receives money from a son and expends it is not alone sufficient to establish dependency." (*Birmingham* v. *Westinghouse Electric & Mfg. Co.,* 180 App. Div. 48, 51, and authorities there cited.) However, the appellant does not question the right of the mother to the award made in her behalf, but does challenge the right of the State Industrial Commission to make awards not alone to the brother, Francis, but to the grandfather and grandmother of the decedent.

Section 16, subdivision 4, of the Workmen's Compensation Law provides that where there is no surviving wife or dependent husband, and no children under the age of eighteen years, to take the full sixty-six and two-thirds per centum of the average wages, an award may be made " for the support of grandchildren or brothers and sisters under the age of eighteen years, if dependent upon the deceased at the time of the accident," and " for the support of each parent, or grandparent, of the deceased if dependent upon him at the time of the accident." The Commission has made an award to the infant brother of the decedent, though there is not a line of evidence in the case that he was in any degree dependent upon the decedent for his support.    On the contrary, it affirmatively appears that the father had command of approximately sixty-six dollars per week for the support of his family of five members, exclusive of the decedent.    It seems entirely clear to us that the evidence excludes the idea of dependency upon the part of the infant

brother, and that the award in this respect must be reversed. The statute clearly intended that the award to each person should be for the support of such person, and not for the general maintenance of the family, where the father was abundantly able to provide for all its members. (*Matter of Walz* v. *Holbrook, Cabot & Rollins Corp.*, 170 App. Div. 6, 9; *Birmingham* v. *Westinghouse Electric & Mfg. Co.*, *supra*.)

The grandparents of the decedent appear to have lived by themselves in a two-family house, a portion of which they rented. The house was valued at $3,600, and was mortgaged for $1,500. They are very old and earn no income. There is some vague testimony to the effect that the decedent made presents to these old people of tobacco, etc., which is estimated at from $3 to $3.50 per week, but tobacco is hardly a necessity, and there is no evidence in the case, so far as our attention is called to the record, that the grandfather is not abundantly able to care for his aged wife. The grandmother testified that she owned the house, and that she had to pay interest, taxes, etc., and that she had no money other than such as she had received from her son and the decedent, but she does not tell us anything about her husband's financial situation; so far as the record shows he may be possessed of ample means. The grandmother testified that prior to the death of the deceased " I was trying to put a little away to help to pay the mortgage and to pay the interest and to pay the taxes, to pay the fire insurance, renewal mortgage, and I strived to put away ten dollars a month out of what I got on the house," and that she could not do that; that she " done it very well for a while with poor Joe, because he helped me out good, but now I couldn't." This and like testimony appears in the record of conditions subsequent to the accident, but it is not the purpose of the Workmen's Compensation Law to provide money for the payment of the debts of alleged dependents (*Frey* v. *McLoughlin Bros., Inc.*, 187 App. Div. 824, 826), but for the support of the particular dependent. (*Birmingham* v. *Westinghouse Electric & Mfg. Co.*, 180 App. Div. 48, 52.) And the test is not what conditions arise after the accident, but what was the condition at the time of the accident. Here it appears that the grandmother was saving money to pay on the mortgage, and to discharge other obligations, and that she was

enabled to do this because " poor Joe " helped her out good, but there is no evidence that her own husband was not in a position to meet his lawful obligations.

It is, perhaps, too much to say that there is no evidence — as evidence is understood in this class of cases — of dependency on the part of the grandmother; she says, in answer to a leading question, that she was " dependent wholly or partially on Joseph," and, inferentially, that she needed the money, but there is no evidence of such dependency on the part of the grandfather. There is not a particle of evidence that the grandfather depended upon the alleged contributions of the decedent, or that he had any need of such contributions, and it seems to us that the award, in so far as the grandfather is concerned, is wholly without evidence to establish his dependency.

The award, in so far as it makes an allowance to the infant brother and the grandfather, is without evidence to support it, and should be reversed.

All concur.

Award to the infant brother and to the grandfather reversed; in other respects award affirmed.