Judgment of conviction reversed and new trial granted.

---

Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FLORENCE M. HESS, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Son, MARTIN G. HESS, *v.* DONNER STEEL COMPANY, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.

Third Department, May 5, 1920.

Workmen's Compensation Law — findings of dependency at time of accident and contribution by decedent to claimants' support sustained by evidence — amount of award not controlled by amount of contribution to claimants' support.

The findings of the State Industrial Commission that the decedent contributed to the support of the claimants and that they were dependent on him at the time of the accident are supported by the evidence.

The dependency of the claimants on the decedent for support must be determined as of the time of the accident, under section 16 of the Workmen's Compensation Law, as amended by chapter 622 of the Laws of 1916.

The amount of an award to dependent claimants is not controlled or limited by the amount that the decedent actually contributed to their support prior to his death, but is to be determined under subdivision 4 of section 16 of the Workmen's Compensation Law.

APPEAL by the defendants, Donner Steel Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 15th day of August, 1919.

*Philip J. O'Brien* [*Ainsworth, Carlisle, Sullivan & Archibald* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Bernard L. Shientag,* counsel for State Industrial Commission, for the respondents.

KILEY, J.:

On the 6th day of November, 1918, at ten A. M. of that day, Martin G. Hess received injuries from which he died within a short time. At the time he was working for the Donner Steel Co., Inc., at their plant located at North Tonawanda, N. Y. This corporation manufactured steel products; the decedent had worked for it one and one-half years; was about twenty years of age and unmarried. His occupation was such as come under the definition of "hazardous" in the Workmen's Compensation Law. (See §§ 2, 3, as amd. by Laws of 1917, chap. 705.) Jacob Hess, the father of Martin, died August 2, 1918. The claimants are the mother and brothers and sisters of the deceased. At the time, and for some years previous, the family, except Martin had lived on a cheap, hilly farm over the line in the State of Pennsylvania. The evidence abundantly sustains the contention of the claimants, that Martin contributed to their support, and that they were dependent upon him at the time of the accident. The State Industrial Commission so found, and awarded to the mother, Florence M. Hess, five dollars and seventy-seven cents weekly, and to Mary C., John L., Wallace, Florence, Grace and Daisy, dependent brothers and sisters, each one dollar and sixty and one-third cents weekly — a total of fifteen dollars and thirty-nine

cents. The average weekly wage of Martin was twenty-four dollars and ninety-two cents. Appellants contend that because this amounts to more than the sums contributed to these dependents by the son (he contributed thirty-five or forty dollars a month), the award ought not to be affirmed. Under section 16 of the Workmen's Compensation Law (as amd. by Laws of 1916, chap. 622), dependency shall be determined as of the time of the accident. (*Birmingham* v. *Westinghouse Electric & Mfg. Co.*, 180 App. Div. 48.) The Commission has so found and the finding is sustained by the evidence. Section 16, subdivision 4, also provides for this form of the award and for the amounts awarded. (*Matter of Walz* v. *Holbrook, Cabot & Rollins Corp.*, 170 App. Div. 6.) The record on appeal in *Chabot* v. *Terry Brothers Co.* (184 App. Div. 917) shows that the amount contributed before the accident and death was seven dollars and fifty cents a week and the award was nine dollars and sixty-one cents a week.

The award should be affirmed.

Award unanimously affirmed.