Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MAUDE M. KELLEY, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Son, RAYMOND R. KELLEY, *v.* HOEFLER ICE CREAM COMPANY, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, May 4, 1921.

**Workmen's Compensation Law — dependency of mother on minor son — mother not dependent where father's income sufficient to support family — dependency at prior time not to be considered — voluntary contributions.**

A mother is not dependent on a minor son, within the meaning of the Workmen's Compensation Law, where it appears that at the time of the accident the father was earning enough to support the family, that although the son contributed about one-half of the household expenses there was no evidence that the amount so contributed was more than a reasonable amount for his board.

Dependency must be determined as of the time of the accident, and so the fact that during the disability of the father at a prior time the son had supported the family, cannot be considered.

Though the son from time to time gave to his mother, in addition to his regular contributions to the home, small sums of money, that is not sufficient to establish her dependency in the absence of any proof that she needed those sums for her support; the necessity for contributions must be established.

APPEAL by the defendants, Hoefler Ice Cream Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 13th day of October 1920.

*Bertrand L. Pettigrew* and *Francis X. Mooney* [*Walter L. Glenney* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondent State Industrial Commission.

VAN KIRK, J.:

Raymond R. Kelley, while in the employ of the Hoefler Ice Cream Company, died from accidental injuries arising out of and in the course of his employment. An award was denied to the father, but was made to the mother at the rate of five dollars and seventy-seven cents per week. The one question raised on the appeal is whether or not the mother was dependent. The case was submitted and I find no brief for the claimant.

The deceased was a minor, eighteen years of age, unmarried and living with his parents. The mother filed no claim. The father, Rollin J. Kelley, filed a claim, naming himself and Maude M. Kelley, the mother, as dependents. The following questions and answers were made in the claim:

" 5. Were you wholly or partially dependent upon the deceased for your support? Partially."

" 7. Deceased contributed the value of twenty-four dollars weekly to my support."

" 9. What amount weekly was required for your support? Twenty-five dollars.

"10. What other sources of income do you have? Daily wages at four dollars per day."

The following appears upon the examination of the father (the only witness examined): "Q. How many children have you? A. Not any now; we had just that one. * * * He and I bought our stuff together. He paid one-half and I paid one-half."

The father had been injured (his finger hurt) and had returned thereafter to his work about two weeks before this accident. During the father's disability the boy paid all the expenses. The boy gave to his mother five dollars at different times, and a number of times ten dollars. Commissioner McLusky, in making the award, said: "I find that the mother, and she alone, was dependent on the decedent at the time of the accident, and the award is for twenty-five per cent of the average weekly wage. Daily wage in this case is four dollars. In making this award I have given consideration to the fact that the decedent was a minor at the time of accident."

The questions and answers as to the amount needed for support, twenty-five dollars, may be construed to refer, and probably do refer, to the family support. At the time, the father was earning approximately that sum. During the two weeks preceding this accident he received twenty-seven dollars and twenty-five cents per week. There is no further evidence in the case as to the amount necessary for the support of the father and mother, or as to the household expenses, and no proof of the amount necessary for the support of the mother.

The condition then is this: The father, mother and son were living as one family, and the father and son supplied the home jointly, to this end using about one-half of the earnings of each. For the moneys paid in for the family the son received his own support. The mother was doing the work at home apparently and it does not appear that the amount the son contributed was more than a reasonable amount for his board and home.

The dependency must be determined as of the time of the accident (Workmen's Compensation Law, § 16, subd. 4, as amd. by Laws of 1920, chap. 532; *Birmingham* v. *Westinghouse Electric & Mfg. Co.*, 180 App. Div. 48), which

excludes from our consideration the circumstance that, during the father's earlier disability, the son had supported the family. So far as the record shows, the earnings of the father at the time of the accident were sufficient to support the father and mother. After the death of the son there would be two persons to support, instead of three. It is true that the son from time to time gave to the mother, in addition to his contributions to the home, small sums of money, but it does not appear that she needed these funds for her support. The mere fact that a parent receives money from a son and expends it, is not alone sufficient to establish a dependency. The necessity for the contributions must also be established. (*Schedzick* v. *Volney Paper Co.*, 193 App. Div. 551, 553.)

The statute plainly intended that the award to each person should be for the support of that person. (*Matter of Walz* v. *Holbrook, Cabot & Rollins Corp.*, 170 App. Div. 6.) We can hardly understand from this record how the mother can be considered a dependent and the father not. It was the father's duty to support his family; and, since he was at the time earning sufficient to support himself and his wife, and was able to work regularly, it cannot be held that the mother was dependent upon the deceased, within the meaning of the statute. (Cases above cited.)

The award should, therefore, be reversed, but, since the evidence is so meager as to the dependency of the mother and her needs, the case is returned to the State Industrial Commission for further consideration.

All concur.

Award reversed and case sent back to the Commission for further consideration as to the dependency of the mother.