Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JESSIE SMITH, Respondent, for Compensation for the Death of Her Son, FRANKLIN C. SMITH, under the Workmen's Compensation Law, *v.* MACARTHUR BROTHERS COMPANY, Employer, and LONDON GUARANTEE AND ACCIDENT COMPANY, LTD., Insurance Carrier, Appellants.

*Workmen's Compensation Law — dependency.*

Appeal from an award of the State Industrial Commission, entered in the office of said Commission on the 26th day of February, 1921.

*Award affirmed. All concur, except Kiley, J., dissenting, with a memorandum.*

KILEY, J. (dissenting): It seems to me that appellants in their first point state fairly what facts must be established before compensation can be awarded to an alleged dependent, viz.: *First.* " That sums of money have actually been given by deceased to his mother." *Second.* " That such sums of money received were actually used for her support." *Third.* " That she was in a position where such sums of money were necessary for her support at the time of the accident." *Fourth.* " That she did not have a husband who was able to support her." I think this position taken by appellants is fairly within the holding in *Birmingham* v. *Westinghouse Electric & Mfg. Co.* (180 App. Div. 48) and *Frey* v. *McLoughlin Bros., Inc.* (187 id. 824). The situation here does not create a condition of dependency as contemplated by the statute.* They owned a farm of ninety acres, two houses upon it, with but $300 mortgage against it when the son was killed. Since then it has been paid down to $150. At the time of the accident, the time when dependency must exist, if at all, the father was earning $5 a day; he had $300 in the bank,

------

* See Workmen's Compensation Law, § 16, as amd. by Laws of 1916, chap. 622, and Laws of 1920, chap. 532.—[REP.

was receiving $30 a month rent for the farm and lived in one of the houses rent free, and his wife had a fixed income from the government of $3.50 per week. As Mr. Justice Woodward said (in 187 App. Div. *supra*), the law was not intended to create a fund to pay off mortgages, and it can be added that it is not intended to furnish money to be deposited in the bank to draw interest, and not even to pay indebtedness. It impresses me that unless we are going to throw down the bars and let in practically every claim for dependency, we will have to reverse this award. The only question is what is to be our policy. I will dissent.