In the Matter of the Claim of HANNAH SIGALOVE, Respondent, against BARNEY PENZEL and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 11, 1926.

**Workmen's compensation — dependency of mother and grandmother — employee paid mother $25 per week and lived at home — father earned $2,400 per year — both father and mother had money in bank — another son was self-supporting — dependency of mother not shown — grandmother was in poor physical condition and had no property and no income — employee contributed $25 per month to grandmother — grandmother's children contributed very little — grandmother was dependent on employee.**

The mother of a deceased employee is not entitled to an award on the ground of dependency, since it appears that while the employee contributed $25 per week he lived at home with his parents, and that his father earned $2,400 per year, and the only other member of the family, another son, was self-supporting, and since it appears further that both the father and mother had money in the bank and that the father testified that the mother was not dependent but that the deceased employee helped out in the family expenses.

The grandmother of the employee, however, was dependent upon him, since it appears that she was an aged woman, in very poor health, had no property and no income, and that the employee contributed twenty-five dollars per month to her support, while her own children contributed very little.

APPEAL by Barney Penzel and another from an award of the State Industrial Board, made on the 8th day of March, 1926.

*Clarence E. Mellen* [*Everett W. Bovard* of counsel], for the appellants.

*Albert Ottinger,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the State Industrial Board.

VAN KIRK, J. Dependency is the only question presented on this appeal. Prior to his death the deceased was earning about sixty dollars per week. He was paying to his mother twenty-five dollars per week. He was living with his father and mother and beside them and himself there was in the family another son, Nathan. The father was earning two thousand four hundred dollars a year. Of this sum he paid to his wife for the household expenses thirty-five dollars per week, or one hundred and forty dollars a month, leaving sixty dollars a month for his own use. The family were paying eighty-five dollars a month for their apartment. There is no actual proof of the amount of the household expenses for the family, or for clothing and its other needs. The boy Nathan was eighteen years of age, just about to reach his nineteenth birth-

day.   It seems that shortly before the accident. Nathan had finished his school and had been at work about three months, receiving eighteen dollars a week.   Of this he did not contribute regularly to the family expenses, but supplied his own clothes and personal needs.   While still going to school he used to do odd jobs and used some of his earnings to buy himself books and school supplies. About one year before Joseph's death the father had received an increase in his wages; he had been working at the same place for about ten years.   At the time of the accident he had about four hundred dollars in the bank and the mother had about three hundred dollars in her own name in the bank.   The father had also taken some government bonds on four different occasions, which he still held.  . When the father was testifying he was asked if his wife, the mother, was dependent on Joseph; he replied that he would not say the wife was dependent; that Joseph " helped out." He also testified that he did not claim that he could not support the family on his salary, but they would have to live in a cheaper · flat.   Of course the question is whether or not the mother was dependent at the time of the accidental injury to Joseph.   It seems to me that the evidence does not support a finding of dependency on the part of the mother.   A part of the money that Joseph paid in went of course towards his own support.   The other son at that time was practically self-supporting, earning eighteen dollars a week, and there is no proof that, apart from the expenses of Joseph's support, the father's income was insufficient to support, in the condition in which they were living, the father and mother. The mere fact that a parent receives money from a son and expends it is not alone sufficient to establish dependency; the necessity for the contributions must also be established.   A dependency award is made for the support of the dependent.   (*Kelley* v. *Hoefler Ice Cream Co.,* 196 App. Div. 800.)

The grandmother was an aged woman who had had a very serious operation and was in a very nervous and poor condition physically.  · Joseph was paying regularly to his grandmother twenty-five dollars per month.   She had no income and no property of any kind. Her son Herman, a young man, unmarried, was living with her and paying twelve dollars per week.   She had two married daughters not living with her; one gave her five  or six dollars per month, and  the  other  sometimes  three  or  four dollars in a month, but without regularity.   This grandmother was on Joseph's mother's side.   It seems that none of the grandmother's children were in a very prosperous condition.   Each one, except Herman, had families to support or look after.   While the old lady could not give a very good account of her actual expenses, she did testify to

what she paid for rent, and that she tried to pay her other necessary expenses. on the money that she received. The twenty-five dollars per month that Joseph paid to her paid her rent. The defendants make considerable of the fact that, since his death, she has now taken another apartment, for which she has to pay more money. But it appears that in the old apartment she had to pay for coal, while at the new place the apartment is heated. It seems to us that the grandmother was, at the time of the accidental injuries to Joseph, a dependent and that the award to her should be affirmed.

The award to the mother should be reversed and the claim dismissed, and the award to the grandmother affirmed.

All concur.

Award to the mother reversed and claim dismissed. Award to the grandmother affirmed, without costs.