## Staunton.

### FRED CLARK v. APPALACHIAN POWER COMPANY.

September 19, 1929.

Absent, West, J.

The opinion states the case.

*J. P. Buchanan* and *B. F. Buchanan*, for the appellant.

*Scott, Lloyd & Scott,* for the appellee.

CHICHESTER, J., delivered the opinion of the court.

This is an appeal from an award of the Industrial Commission refusing payment to Fred Clark on account of the death of his brother, C. E. Clark, who was employed by the Appalachian Power Company and accidentally killed while engaged in the performance of his duties.

On July 23, 1924, without contest from the employer, an award was entered by the Industrial Commission, directing the payment of $12.00 (the employee's weekly wage being in excess of $24.00) per week, plus costs of

medical attention and burial expenses, to Louise F. Clark, the alleged widow of C. E. Clark, there being no children.

In addition to the usual record in a case of this kind, upon the order of this court, there appears in the record certified copy of the evidence.

Under the award there was paid to Louise F. Clark, in addition to the attorney's fees and the burial expenses, which she distributed, the sum of $44.00, and thereafter two additional payments were made to her of $48.00 each, the last being on November 6, 1924.

Shortly after November 6th, J. W. Clark, the father of the deceased, notified the employer that the alleged Louise F. Clark had never been married to his son. After receiving this information, employer made no further payments on the award of July 23, 1924, and in July, 1928, applied for a hearing to have the case closed on the ground that Louise F. Clark was not the widow of C. E. Clark.

On July 26, 1928, a hearing was had, later an order was entered by the Industrial Commission cancelling the previous award. After this hearing, to wit: On July 26, 1928, the present claimant, Fred Clark, addressed a letter to the Commission by his counsel, alleging that he was totally dependent upon the deceased, C. E. Clark, and making claim for an award on that basis. At the hearing upon the question of the alleged total dependency of the claimant, Fred Clark, it appeared that the claimant was a brother of the deceased, C. E. Clark. At the time of the death of C. E. Clark he was between sixteen and seventeen years of age.

Claimant's father was an engineer for the Norfolk and Western railroad and was making at least $2,700.00 a year. The father also owned his own home with about two acres of land in the city of Pulaski.

At the time of the death of the deceased the claimant was staying with his father and mother in Pulaski and with the exception of a period of about eleven months, when he lived with his brother near Elway, Virginia, he had never lived anywhere except with his parents.

Before the hearing of the single Commissioner and that held by the full Commission, counsel for the employer advanced three reasons for refusing the claim.

1. Claimant was barred by the statute of limitations.

2. Claimant was not a dependent.

3. Admitting for the sake of argument that claimant was a dependent, there was a change in condition to total non-dependence at the time and immediately following the accident.

After a careful reading of the evidence we have reached the conclusion that the claimant was not a dependent upon the deceased. This renders it unnecessary to consider the first and third contentions of employer's counsel, *supra*.

It is true that at both hearings, one before Commissioner Handy and the other before the full Commission, the Commission found as a fact that the claimant was a dependent within the definition of the act.

It seems clear to us, however, that as a matter of law upon the evidence, which, as heretofore stated, was certified to this court upon its order in accordance with its decision in *Scott* v. *Willis*, 150 Va. 260, 142 S. E. 400, that there is no real conflict in the same and that the claimant was not a dependent.

It is very true, as heretofore said, that the Commission found as a fact that the claimant was a total dependent and the claiment and various members of his family have testified that he was a total dependent, but the facts upon which they based their conclusion do not justify it.

The deceased never made any cash contributions to the claimant and at the time of the accident claimant was not staying with the deceased and the latter was not contributing anything to his support. The bare fact that the claimant spent about eleven months with his brother does not under the circumstances of this case, and we wish to confine our remarks to the facts of this case, show the existence of dependency. Claimant did not go to his brother's because of necessity or because of dependency upon him, but at the request of his brother and as a convenience and accommodation to the latter. Claimant's father was amply able to support him and so far as the record shows never refused to do so. It clearly appears also that the claimant had been wholly supported by his father all of his life. The record does not specifically show that the deceased ever furnished anything toward the education of the claimant or to the purchase of his clothing. Indeed, the sum and substance of the contribution of the deceased was his board during the time he was staying with him for a period of about eleven months. The legal obligation to support his son rested upon his father, who, as heretofore stated, was amply able to take care of not only this son, but of his family. The bare fact that the claimant baldly states that he is a dependent is not conclusive upon the court where the undisputed facts show that there was no actual dependence.

There may be cases where a minor is dependent upon his brother although the father be living. We are unwilling to hold at this time that where the father is living, is amply able, willing and actually does support his minor children that there can be any dependence such as the employers liability act (Acts 1918,

chapter 400, as amended) contemplates of the minor brother upon his elder brother.

· Our attention has not been directed to any cases directly in point, but the propositions as heretofore stated seem sound without the support of authority. However, there are cases which support these views in a general way.

In *Mulraney* v. *Brooklyn Rapid Transit Co.*, 190 App. Div. 774, 180 N. Y. S. 654, 655, syllabus, the court held: "An award under workmen's compensation law, section 16, subdivision 4, to an infant brother · of deceased, held erroneous; there being no evidence that the infant was dependent on deceased, or that his father, his natural guardian, was unable to support him." In that case the father was living and had command of $66.00 per week to support a family of five members. Deceased lived at home and contributed $10.00 or $12.00 each week to the support of the family. In holding an infant brother not entitled to compensation, the court said: "On the contrary, it affirmatively appears that the father had command of approximately $66.00 per week for the support of his family of five members. exclusive of the decedent. It seems entirely clear to us that the evidence excludes the idea of. dependency upon the part of the infant brother, and that the award in this respect must be reversed. The statute clearly intended that the award to each person should be for the support of such person, and not for the general maintenance of the family, where. the father was abundantly able to provide for all its members."

In *Birmingham* v. *Westinghouse Elec. & Mfg. Co.*, 180 App. Div. 48, 167 N. Y. S. 520, 523, compensation was denied the mother of deceased, on the ground that she was not a dependent, when it appeared that although she received from $12.00 to $17.00 a week from

deceased, whose wages were $19.61 a week, the claimant had a husband living who made, when working, over $21.00 weekly, and whose legal duty it was to support her. The court said, in part: "The law makes it the duty of a husband to support his wife, insofar as he is able, and the claimant having a husband capable of earning more than $21.00 per week, and being employed with a fair degree of regularity, the presumption must be that the claimant was not dependent upon her married son for any part of her support or maintenance."

We conclude, therefore, that the award of the Commission should be affirmed, for the reasons set out in the foregoing opinion.

*Affirmed.*