Brewster, J.
(dissenting). I dissent. The only question presented by this appeal is whether, as a matter of law, there is evidence to support the finding that the claimants, parents of the deceased employee, were dependent upon him within the meaning of the statute, at the time of his accidental death. (Workmen’s Compensation Law, § 16, subd. 4.) A partial dependency of both parents has been found and death benefits have been awarded to them at the full statutory rate.
The mere fact that the deceased made contributions to the parents some of which was used by them in aid of their support, this alone does not' prove dependency. It must be shown that as of the time of the accident the contributions, in whole or in part, were necessary for the support of those who may he deemed dependent. (Birmingham v. Westinghouse Electric & Mfg. Co., 180 App. Div. 48, 52; Matter of Tirre v. Bush Terminal Co., 172 App. Div. 386, 390; Schedzick v. Volney Paper Co., 193 App. Div. 551, 553; Kelley v. Hoefler Ice Cream Co., 196 App. Div. 800, 803; Calderera v. Nathan & Co., 200 App. Div. 298, 302.) This can only mean that when the contributions *1034 cease some degree of destitution results therefrom. Such formula necessarily leads to relativity. The degree of destitution which results from the deprivation has not been and could not well be prescribed by rule. It can only be adjudged by the evidence in the particular case. It is likewise with the related premise as to the nature, extent, and quality of the support which was derived from the contributions. The line will ofttimes wend among considerations of what are luxuries, comforts, necessaries and bare subsistence. A “ dependent ” has been defined as “ one who looks to another for support or help ” (Matter of Tirre v. Bush Terminal Co., supra, p. 389), to which, in view of the other holdings cited above, should be added the concepts of actual receipt of “ support or help ” and the necessity of some dependence thereon. The established economy under which those who claim as dependents were living when the deprivation occurs must, I think, logically be a first consideration. Viewing this in a conventional aspect, in keeping with the station in life of the parties and the pattern set for them by the natural vicissitudes of life, the inquiry then is whether, for the maintenance of the erstwhile economy, contributions by the deceased were in fact made, and if so, whether they were appreciably and substantially necessary for the continuance of that economy over and above the part thereof which represented the cost of the support and maintenance of the contributor, in a case where, as here, he was one of a family which resided together, and generally shared for his living from a common family fund. But the inquiry must then proceed still further than the mere finding of the contributions and their substantial upholding of the established economy. A further inquiry is for the fact finder to view the evidence of the effect necessarily produced upon those to be adjudged dependents by the change wrought by the deprivation. In such view the fact that their future may have been rendered more insecure is not a permissible factor in the solution. The fact of dependency may only be determined by the actuality of the support as it existed when the loss occurred. (Workmen’s Compensation Law, § 16, subd. 4; Birmingham v. Westinghouse Electric & Mfg. Co., supra, p. 50.) The change need not be to one of dire want, lowered to a bare or meager subsistence, nor even to a greatly reduced level from the prior economy. Partial support, if real, substantial and essential to what had been fittingly established may justify an award provided its withdrawal results in a materially lower standard as regards the reasonable necessities and comforts of living theretofore had and enjoyed.
The evidence in this case is that the actual earnings of the deceased son’s able-bodied father were ample for the support of himself and wife as regards the necessaries of shelter including rent, heat, light and gas in the home where they were living, with a balance over of at least $165 per month for food, clothing and sundries. There is no evidence to the contrary. At the time of the death the father’s earnings were $54 per week and he was free from debt. By experience and training he had a special skill which customarily called for a higher wage. The rent of the home including heat, light, and gas did not .exceed $51 per month. Besides himself and wife and the deceased son, the only other member of his household was an eighteen-year-old daughter, not shown to have been emancipated, who was earning $25 per week. There is no proof that the irregularly made, vaguely stated and variously estimated contributions of the deceased son toward the family expenses, less the cost of his own maintenance therefrom, were necessary to continue the state of affairs as regards the living and domestic well-being of the parents as such existed at the time of the loss. What was said of the evidence as to dependency in *1035 Birmingham v. Westinghouse Electric & Mfg. Co.; (180 App. Div. 48, 53, supra) may he aptly paraphrased here, viz., that the most that can be said of it is that it shows that the deceased “ contributed rather more than his share ” of the family expenditures, but that it does not show that upon its withdrawal his father was not abundantly able to support himself and wife out of his own earnings as of the time of the accident. True, the evidence shows the parents were not affluent but the circumstances of hardship, if such they may be termed, in the further furnishing of their home by the acquisition of additional furniture and the like, all of which became attendant upon their having sold their household belongings in Canada preparatory to their moving to Buffalo some few years before, these were imposed by their voluntary act. Such did not constitute a catastrophic domestic burden for the discharge of which the earnings of the deceased were actually being employed and necessarily used. This distinguishes the factual situation from that which was shown in Matter of Kaiser v. U.S.O. Camp Shows, Inc. (269 App. Div. 915, affd. 296 N. Y. 532). The conclusion given by the mother of deceased to the effect that she had noticed that the family’s standard of living had been lowered by the loss of her son’s contributions, itself standing alone, does not authorize a finding of dependency. It afforded no means for the ascertainment of the decisive fact. When led to state evidentiary facts as a basis for her conclusion she was unable to do so other than by estimating the reduction in terms of money which equalled the maximum estimate she had previously and finally stated as the amount of the deceased’s money contributions to the common fund, the net of which, if any, over the cost of his maintenance was not shown. The express evidence is that such could not be ascertained. Hence the mother’s testimony amounted to no more than a mere half-way assertion of the ultimate fact which required proof. But even if it be that such evidence can be found to support a finding that the common fund was benefited by some unknown amount of proceeds netted from the contributions, still there is no evidence in the record upon which the fact finder could base a conclusion that such was necessary for the support of either parent, or for that matter, to continue the plane of their living. It is of significance that when the' respondents-elaimants made their claim they answered the question as to whether they were wholly " or partially dependent as follows: “ Occasionally. I always knew that if or when I could not work, he could be depended upon to support my wife and myself.” Claimants’ proofs did no more than to amplify this answer and, as a matter of law, failed to give any support to the finding of the dependency for which the awards have been made.
The decision and awards should be reversed upon the law and the claim dismissed, with costs to the appellants against the Workmen’s Compensation Board.
Hill, P. J., Heffernan, Poster and Bussell, JJ., concur in decision; Brewster, J., dissents in opinion.
Award affirmed, with costs to the Workmen’s Compensation Board.