Brewster, J.
(dissenting). I dissent. Claimants’ proofs established that the average monthly living expenses of the family of which they were members exceeded the total family income including the contributions of deceased. They were partially dependent on charity. I can find no evidence which may be said to establish that the decedent’s contributions produced any net return to the family fund over and above the portion consumed for his own support and maintenance. It has been repeatedly held that the mere fact of such contributions to a family fund is insufficient to establish dependency. That they pro *842 duced a net amount over and above the cost of the contributor’s maintenance, that such net amount was substantial in view of circumstances shown and that it was looked to and actually and necessarily used for the support of the persons who may be deemed dependents — all this was for the claimants to prove. (Matter of Novick v. Gimbel Brothers, 232 N. Y. 508; Matter of Sigalove v. Penzel, 218 App. Div. 306; Matter of Kelley v. Hoefler Ice Cream Co., 196 App. Div. 800; Matter of Birmingham v. Westinghouse Electric & Mfg. Co., 180 App. Div. 48; Matter of Tirre v. Bush Terminal Co., 172 App. Div. 386.) It has been held that the dependency awardable under the act imports a definite “ measure of subjection ” and “ involves reliance upon earnings for education or support.” (Matter of Zirpola v. Casselman, Inc., 237 N. Y. 367, 371-372.) The father’s categorical affirmance of the proposition which required proof cannot, in the light of what is shown and in the absence of other relevant proof, be considered any evidence of the dependency of the mother and sister of the deceased.
The decision and award appealed from should be reversed and the matter remitted for an award to the appropriate special funds.
Hill, P., J., Heffernan and Bussell, JJ., concur in decision; Brewster, J., dissents in a memorandum in which Foster, J., concurs.
Award affirmed, with costs to the Workmen’s Compensation Board.