■ In the Matter of the Claim of WILLIAM HICKS et al., Respondents, v. JAMES GROOME & COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed July 31, 1972, affirming an award of death benefits to the claimants at a combined rate of $80 per week. Claimants are the parents of the deceased employee who died as the result of an industrial accident on June 29, 1971. At the time of his death, his average weekly wage, as found by the Referee, was $168. The award was made to the claimants based upon their financial dependency upon the deceased. On this appeal, the finding of dependency is not disputed; appellants challenge the amount of the award which is greater than the $35 per week, plus occasional additional amounts, which claimants received from the deceased. The amount of an award for death benefits to dependent parents where there is no surviving spouse or dependent children, as in the present case, is determined by statutory formula (Workmen's Compensation Law, § 16, subd. 4) subject to such limitations as are set forth therein (see Workmen's Compensation Law, § 16, subds. 4, 5). The Legislature has not seen fit to explicitly limit the award to amounts previously received by the dependents, and this court has upheld awards which were greater than the amount of a decedent's financial contributions. (*Matter of Hess* v. *Donner Steel Co.*, 191 App. Div. 667, affd. 230 N. Y. 596; see, also, *Matter of Gilbert* v. *Happy Hill Farm*, 23 A D 2d 931.) Appellants' argument that the statutory purpose was to reflect the level of support formerly provided to the claimants is not well taken, for the formula is based upon a percentage of the decedent's wages, rather than his prior contributions. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.