Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MADDELENA CASELLA and FRANCESCO BABINO, Respondents, for Compensation to Themselves under the Workmen's Compensation Law, for the Death of GIOVANNI BABINO, Their Son, *v.* THOMAS E. MCCORMICK, Employer, and SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, as Liquidator of the CASUALTY COMPANY OF AMERICA, Insurance Carrier, Appellants.

Third Department, November 14, 1917.

**Workmen's Compensation Law, section 17, construed — amount of award to non-resident alien parents of deceased.**

Under section 17 of the Workmen's Compensation Law, providing for compensation to non-resident aliens, each of the parents of a deceased employee being dependent non-resident aliens and having been supported by the deceased for one year prior to the accident, are entitled to an award of one-half the amount provided for residents. The award should not be limited to the father only.

LYON and SEWELL, JJ., dissented, with opinion.

APPEAL by the defendants, Thomas E. McCormick and by the Superintendent of Insurance of the State of New York, as liquidator of the insurance carrier, from an award and decision of the State Industrial Commission dated on the 25th day of May, 1917.

*Moses James Wright* [*Edgar Pitske* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondents.

KELLOGG, P. J.:

Section 17 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1916, chap. 622) does not grant any compensation; it is a limitation upon grants otherwise made. Section 16, subdivision 4, as thus amended, provides a compensation of twenty-five per cent of the average wages " for the support of each parent, or grandparent, of the deceased if dependent upon him at the time of the accident." Dependency at the time of the accident is the controlling feature there. Section 17 provides that non-resident aliens shall have. the same compensation as resident aliens, except that dependents residing in a foreign country are limited. It omits any provisions for brothers and sisters and does not provide for all dependent fathers, mothers, grandfathers or grandmothers. The compensation is limited to those who, for the period of one year prior to the accident, have been supported in whole or in part by the employee. Here " support," in whole or in part for the year, is the controlling feature. I cannot feel that the use of the word " or " is intended to restrict the compensation to one parent, if both have been supported for the time stated. The " or " is probably used to cover the same ground as the word " each " in the previous section. That is, the compensation of twenty-five per cent is not for both parents but for each one. Otherwise it is difficult to tell which one is to receive the award, and if the award is to the grandfather and he dies, apparently the dependent grandmother is left without support.

To cover the legislative intent " or " is frequently construed to mean " and." I can find no intent in this provision to omit either the grandfather or the grandmother, and feel that they are both included. The section, however, in effect, limits the compensation to one-half the amount which residents would receive. If both grandparents were supported by the employee, the award to each would be based upon twelve and one-half per cent of the wages; otherwise one is to receive twelve and one-half per cent of the wages and the other nothing. If they lived together, the compensation would amount to only six and one-fourth per cent for each — one-quarter of what a resident alien would get under similar circumstances. The section I think contemplates that a non-

resident parent or grandparent shall receive one-half of the compensation provided for a resident. I favor an affirmance.

All concurred, except LYON, J., who dissented, with opinion, in which SEWELL, J., concurred.

LYON, J. (dissenting):

The important question presented by this appeal is whether the State Industrial Commission was justified in making an award to each of the parents of the deceased, both of whom were dependent alien non-residents, or whether the award should have been limited to the father only.

Giovanni Babino came to his death in June, 1916, as the result of accidental injuries arising out of and in the course of a hazardous employment in which he was that day engaged at the city of Brooklyn, N. Y. He left no widow or child. His father and mother were aliens residing in Italy. Both were dependent upon him for support, which he had furnished them wholly or in part for more than one year prior to the date of the accident. The finding of these facts by the Commission was fully warranted by the evidence. To an award made to each of the parents of twenty-five per cent of the average weekly wage of the deceased, this appeal has been taken by the employer and the liquidator of [the insurance carrier.

Section 17 of the Workmen's Compensation Law, entitled " Aliens," provided, " Compensation under this chapter to aliens not residents   *   *   *   of the United States   *   *   * shall be the same in amount as provided for residents, except that dependents in any foreign country shall be limited to surviving wife and child or children, or, if there be no surviving wife or child or children, to surviving father or mother, or grandfather or grandmother, whom the employee has supported, either wholly or in part, for the period of one year prior to the date of the accident, and except that the Commission may, at its option, or upon the application of the insurance carrier, shall, commute all future installments of compensation to be paid to such aliens, by paying or causing to be paid to them one-half of the commuted amount of such future installments of compensation as determined by the Commission."

Had the father and mother been residents of the United

States and dependent upon the deceased at the time of the accident, each, under the circumstances proven, would doubtless have been entitled to an award of twenty-five per centum of the wages of the son during dependency. However, the intention of the Legislature to discriminate between resident dependent parents and alien non-resident dependent parents is manifest. An award to the former class is to be made " for the support of *each* parent, or grandparent " (§ 16, subd. 4), while an award to the latter class is " to surviving father *or* mother *or* grandfather *or* grandmother." (§ 17.) Furthermore, as to the former class the lump sum payment to the dependents of a deceased employee is the full commuted amount of the periodical payments (§ 25), while as to the latter class only one-half of the commuted amount is to be paid. (§ 17.)

The contention of the respondents can be sustained only by construing " or " to mean " and." If the word is entitled to that construction in section 17, no good reason is apparent why it should not receive the same construction in section 16, and an award be required to be made " for the support of each parent and grandparent," nor why the construction should not be made applicable to other portions of the law.

The fact that separate claims were presented through the office of the Italian consul, one on behalf of the mother in January and the other on behalf of the father in March, in no way affects the decision or the priority of the claims which were heard together as one proceeding. The language of section 17 is not ambiguous, and should receive the natural and logical construction.

The award should be reversed and the proceeding remitted to the Commission.

SEWELL, J., concurred.

Award affirmed.