Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of BRIDGET MORAN, Mother, and PETER MORAN, Father, Respondents, for Compensation under the Workmen's Compensation Law for the Death of PETER MORAN, *v.* RODGERS & HAGERTY, INC., Appellant.

Third Department, December 28, 1917.

Workmen's Compensation Law — evidence — proof of dependency — depositions — admissibility of affidavits taken in foreign country before New York commissioner — right to compensation dependent upon statute in force at time of accident.

Section 72 of the Workmen's Compensation Law relating to depositions was intended to be permissive only, and to furnish a further means within the discretion of the Commission of obtaining evidence for use before it and not in any way to limit or restrict its authority under section 68 of the statute, which provides that it shall not be bound by common law or statutory rules of evidence.

Hence, affidavits of the father and mother of the decedent and of two others taken in Ireland before a commissioner of oaths of the State of New York are admissible to establish dependency.

The enforcement of the right and liability to pay compensation is governed by the statute in force at the time of the accident.

APPEAL by the defendant, Rodgers & Hagerty, Inc., from an award of the State Industrial Commission, entered in the New York city office of said Commission on the 5th day of July, 1917.

*Jeremiah F. Connor,* for the appellant.

*William C. Foster,* for the claimants, respondents.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel for the respondent State Industrial Commission.

LYON, J.:

The death of Peter Moran, which occurred March 21, 1916, as the result of injuries sustained the previous day in the borough of Brooklyn, city of New York, was compensable under the Workmen's Compensation Law in case the evidence

established the dependency of one or both of the parents of the deceased.

The father and mother of the deceased, aged, respectively, fifty-six and forty-eight years, with seven of their twelve children, resided on ten acres of rented land in the county of Leitrim, Ireland. Six of the twelve children were between six and eighteen years of age and attended school. The father had the use of only one hand, the other being paralyzed. The oldest son, who was twenty-one years of age, spent all his time at work on the place. Following taking the testimony of two of the brothers of the deceased residing in this country as to the dependency of the parents and the contributions of the deceased to their support, the Commission suspended the hearing pending the production of further proof upon those subjects. There was thereafter obtained and submitted to the Commission, upon notice to the appellant of the hearing, the affidavits of the father, mother, a groceryman and a hardware merchant taken in Ireland before a commissioner of oaths of the State of New York. The evidence thus amply established the partial dependency of the claimants for their support during more than the year preceding the son's death upon money sent by him to them.

The employer makes the claim upon this appeal for the first time that these affidavits were not properly receivable as evidence for the reason that section 68 of the Workmen's Compensation Law providing that the Commission shall not be bound by common-law or statutory rules of evidence, " except as provided by this chapter," and that the Commission should be authorized to make such investigations or inquiry or conduct such hearing in such manner as to ascertain the substantial rights of the parties, is limited by the provisions of section 72, entitled " depositions," which provides: " The Commission may cause depositions of witnesses residing within or without the State to be taken in the manner prescribed by law for like depositions in civil actions in the Supreme Court." If the contention of the employer is correct, and the section was intended to be mandatory, no affidavit taken either within or without the State is properly admissible under objection. Section 72 was plainly intended to be permissive only, and to furnish a further means within the

discretion of the Commission of obtaining evidence for use before the Commission, and not to in any way limit or restrict the authority of the Commission under section 68.

The present case is distinguishable from that of · Casella v. McCormick (180 App. Div. 94), in that the injury in that case occurred subsequent to June 1, 1916, the date when the amendment by chapter 622 of the Laws of 1916 took effect. The accident in the present case having occurred prior to June 1, 1916, the award of compensation is governed by the statute then in force, rather than by the statute in force at the time the award was made, the last sentence of subdivision 4 of section 16 providing, " all questions of dependency shall be determined as of the time of the accident." This provision was not changed by the amendatory act of 1916; hence an award of compensation to both the father and mother being proper at the time the accident occurred, the award of fifteen per cent to each was proper. Furthermore, under section 93 of the General Construction Law (Consol. Laws, chap. 22; Laws of 1909, chap. 27), which by section 110 of that law is made applicable, the enforcement of the right and liability to pay compensation was governed by the statute in force at the time of the accident.

The award should be affirmed.

Award unanimously affirmed.