Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of VENERANDO PIFUMER and VENERA PIFUMER, Respondents, for Compensation under the Workmen's Compensation Law, for the Death of Their Son, JOHN PIFUMER, *v.* RHEINSTEIN & HAAS, INC., Employer, and the TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, May 7, 1919.

**Workmen's Compensation Law — award to both father and mother of decedent on ground of dependency — sufficiency of evidence of dependency.**

An award may be made under the Workmen's Compensation Law in a proper case to both the father and mother of the decedent on the ground of dependency.

Evidence *held* insufficient to establish that the parents of the decedent residing in Italy were dependent upon him in any measure for their support during the year next preceding the accident resulting in his death.

Evidence as to dependency should be the same as upon the question of the accident or other matters on which the right to an award is based.

JOHN M. KELLOGG, P. J., and LYON, J., dissented.

APPEAL by the defendants, Rheinstein & Haas, Inc., and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 2d day of July, 1918.

*Amos H. Stephens* [*E. C. Sherwood, Clarence S. Zipp* of counsel], for the appellants.

*Charles D. Newton, Attorney-General,* and *Robert W. Bonynge,* counsel to Commission [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent Commission.

*Olmstead, Van Bergen & Searl,* for claimants, respondents.

WOODWARD, J.:

The accident on August 8, 1917, resulting in the death of John Pifumer on the same day occurred at Syracuse, while the decedent was employed by Rheinstein & Haas, Inc., of New York, in the construction of a building. There

is no question about the accidental character of the death, or of any of the conditions of liability. The decedent had no wife or children, and the State Industrial Commission, under the provisions of section 17 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1916, chap. 622), has made an award to both the father and mother of the decedent, on the ground of dependency.

This court is committed to the proposition that such an award in a proper case may be sustained (*Casella* v. *McCormick*, 180 App. Div. 94), and it does not seem necessary to go into that question on this appeal.

The real question involved is whether there is any evidence in this case from which the State Industrial Commission was justified in finding that the parents of John Pifumer, residing in Italy, were dependent upon him in any measure for their support during the year next preceding the accident. There is some evidence that John Pifumer and his brother sent two remittances, aggregating less than fifty dollars, during the year in question, to the father, and the brother testified that " they lived on what he sent them; " that he had letters in which the father stated that they were living on what the brother sent them. No such letters were introduced in evidence; all we have is the statement of this brother that he had received such letters, which is obviously not evidence of any fact tending to show dependence. Assuming the existence of such letters, which is highly improbable, it does not show that they were dependent upon these remittances; does not show that the remittances were not for money owed by the decedent. The fact that they may have used the money for their support is entirely beside the question; we all make use of our income for our support, no doubt, but we are not necessarily dependent in a legal sense. The question is whether we are in a position where we require the assistance; where it is in a measure essential to our existence in a relatively permanent condition.

The only other matters shown in the record to establish this alleged dependency are certain so-called certificates. One of these, which declares that the " mayor of the above town certifies that the heirs of Giovanni Paffumi, son of

Venerando Paffumi and Venera Campo, who died at Syracuse on August 18 last as the result of the accident, depended exclusively on the deceased for their support. Said dependents, who are of advanced age, are living in conditions little suited for self maintenance. Said heirs of Giovanni Paffumi possess a small home and an additional property valued at 100 lires ($15). The family exists on the fruits of small odd jobs and are now in a state of extreme poverty. This is issued for the purpose of obtaining benefits." The last sentence is superfluous; the purpose is obvious. In one breath we are told that the parents " depended exclusively on the deceased for their support," and in the next that the family owns a home, with some little property, and that it " exists on the fruits of small odd jobs; " and this very remarkable certificate is signed " The Mayor." A second alleged certificate is likewise said to be signed by " The Mayor," and a third by " The State Official." No authentication of these alleged certificates exists; they are, in law, mere " scraps of paper," yet the State Industrial Commission makes awards to these alleged dependents, whose very existence is not established by any possible legal evidence. (See Code Civ. Proc. §§ 952, 953, 956.) There is no presumption of dependency on the part of the parents of a man thirty-two years of age; hardly a presumption that such parents are living in a foreign country; and the Court of Appeals, in a very recent case, has held that these awards may not be sustained where there is no evidence of the essential facts upon which the awards are made. No reason seems to exist why the requirement of evidence should not be the same in reference to the persons who are to receive the benefits, as upon the question of the accident or other matter on which the right to the award is based. (*Matter of Belcher* v. *Carthage Machine Co.*, 224 N. Y. 326; *Matter of Hansen* v. *Turner Construction Co.*, Id. 331.)

The award should be reversed and the matter returned to the Commission for such further consideration as may be proper in the premises.

All concurred, except JOHN M. KELLOGG, P. J., and LYON, J., dissenting.

Award reversed and matter remitted to the Commission.