Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ANTONINO BONNANO, Dependent Father, and ANNA OLIVERI BONNANO, Dependent Mother, Respondents, for Compensation under the Workmen's Compensation Law for the Death of Their Son, VINCENZO BONNANO, *v.* METZ BROTHERS COMPANY, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.

Third Department, June 30, 1919.

**Workmen's Compensation Law — claim by father and mother residing in foreign country for death of minor son killed in this State — evidence insufficient to establish dependency.**

Upon a claim by a father and mother residing in a foreign country for the death in this State of their son, about fifteen years of age, evidence *held* insufficient to establish that the claimants were dependent upon the deceased at the time of his death.

APPEAL by the defendants, Metz Brothers Company and another, from an award and order of the State Industrial Commission, entered in the New York city office of said Commission on the 8th day of November, 1918, and also from a further award and order entered therein on the 20th day of January, 1919.

*Alfred W. Andrews* [*John N. Carlisle* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

On the 6th day of February, 1917, Vincenzo Bonnano, while in the employ of Metz Brothers Company, Buffalo, received injuries from which on that day death resulted. The only question on this appeal is whether the father and mother of the decedent, living in Italy, were dependent upon him at the time of his death.

There is no evidence in the record that the father and mother are living. There is a certificate, signed by " J. Parini, Officer in charge," that " On the 21st day of January, 1859, Bonnano Antonino, son of Salvatore and of Schifano Giodanna, was born at Roccapalumba, as it is shown in the record of birth registered in the Bureau of Vital Statistics," and a similar certificate is made of the birth of a female, who is supposed to be the mother of the decedent, as the former is assumed to be the father of the decedent, and a like certificate of the birth to these two of a son by the name of the decedent in 1902, and the claim of dependency upon this child, who was born on the 10th of January, 1902, and was killed on the 6th of February, 1917, when he was approximately fifteen years and one month of age, is crowding the Workmen's Compensation Law about to the limit.

There is no evidence that this child of fifteen years of age had " supported, either wholly or in part, for the period of one year prior to the date of the accident," either the father or the mother; the general allegation of a brother and sister that " when my brother Vincenzo, dead in consequence of an accident received in Buffalo, N. Y., on the 6th day

of February, 1917, was alive periodically sent money to his family for support, they being in straightened circumstances," not amounting to such evidence. There is nothing to show that this brother and sister knew any of the facts which they assert; there is no date fixed, and no amount is stated to have been sent at any time within the limits fixed by section 17 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1916, chap. 622). In *Matter of Belcher* v. *Carthage Machine Company* (224 N. Y. 326, 328) the court held squarely that hearsay evidence, without any corroboration by facts, circumstances or other evidence, was not sufficient to sustain an award, where the question was as to the injuries; and we are of the opinion that in the matter of dependency it is necessary to establish by competent evidence that the claimants stood in that relation to the decedent. Here we do not have any competent evidence of the existence of the parents of the deceased; the statement of " J. Parini, Officer in charge," that the bureau of vital statistics in a town or village in Italy shows certain facts is not competent evidence of the fact; we should have a certified copy of the record. (Code Civ. Proc. §§ 956, 957.) The statute requires competent evidence, not difficult to procure if the facts exist, that the deceased has " supported, either wholly or in part, for the period of one year prior to the date of the accident," the person making the claim under the provisions of section 17 of the Workmen's Compensation Law, and anything less than this cannot be accepted as " just as good." If this child of fifteen years of age, working in America, has been supporting his parents for one year before his death, either wholly or in part, it is no hardship to have that fact proved in the manner required by law. This record does not disclose these facts, and the award ought not to stand.

The award should be reversed and the proceeding remitted to the State Industrial Commission.

All concurred.

Award reversed and matter remitted to the State Industrial Commission.