Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of PASQUALE PROFETA, Father, and FILIPPA AZZOLINA, Mother, Respondents, for Compensation under the Workmen's Compensation Law for the Death of Their Son, ANDREA PROFETA, *v.* RETSOF MINING COMPANY, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, June 30, 1919.

**Workmen's Compensation Law — claim by father and mother — evidence insufficient to establish dependency.**

Upon a claim by a father and mother for the death of their son, evidence *held* insufficient to establish that the decedent had supported the claimants either wholly or in part for the period of one year prior to the date of the accident.

JOHN M. KELLOGG, P. J., dissented.

APPEAL by the defendants, Retsof Mining Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on or about the 28th day of January, 1919, and also from an award entered therein on the 4th day of October, 1918.

*Bertrand L. Pettigrew* [*W. L. Glenney* with him on the brief], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

WOODWARD, J.:

Claimants' intestate was employed by the Retsof Mining Company and was accidentally injured, in the performance of his duties, on the 29th day of January, 1918. He died on January 31, 1918. The only question involved on this appeal is whether his father and mother were dependent upon him, and the award which has been made must depend upon the evidence tending to show that the decedent had " supported, either wholly or in part, for the period of one year prior to the date of the accident," the claimants. (Workmen's Compensation Law [Consol. Laws, chap. 67, Laws of

1914, chap. 41], § 17, as amd. by Laws of 1916, chap. 622). The question of support, in whole or in part, for the year is the controlling consideration (*Casella* v. *McCormick*, 180 App. Div. 94, 95), and it has been held that " the mere fact that a father receives money from a son and expends it is not alone sufficient to establish dependency." (*Birmingham* v. *Westinghouse Electric & Mfg. Co.*, 180 App. Div. 48, 51.)

The record before us consists of papers alleged to have been prepared and subscribed in Italy, open to the same objections which exist in *Pifumer* v. *Rheinstein & Haas, Inc.* (187 App. Div. 821), and nowhere in the case does it appear, from any competent evidence, that the decedent " supported, either wholly or in part, for the period of one year prior to the date of the accident," the claimants in this case.

The award appealed from should be reversed and the proceeding remitted to the State Industrial Commission.

All concurred, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and matter remitted to the State Industrial Commission.