Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CARL SCHEDZICK, Respondent, for Compensation under the Workmen's Compensation Law on Account of the Death of CHARLES SCHEDZICK, *v.* VOLNEY PAPER COMPANY, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, November 10, 1920.

**Workmen's Compensation Law — when father supporting family is not dependent on deceased son.**

The father of an unmarried son is not entitled to an award under the Workmen's Compensation Law, upon the ground of dependency where it appears that he merely received contributions from said son through filial devotion and not from necessity, it appearing that the claimant independently of any assistance from the son was supporting his family and increasing his capital.

APPEAL by the defendants, Volney Paper Company and another, from a decision and award of the State Industrial Commission, made and entered in the office of said Commission on the 8th day of January, 1920.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

The question here is whether the claimant, who was the father of the deceased employee, was dependent on his said son. On October 3, 1919, the latter received the injury which caused his death on October 14, 1919. He was unmarried. He served in the army from June to December in the year 1918 and during that time the claimant states in his claim filed with the Commission that he received twenty dollars a month from the government and fifteen dollars a month from the deceased. Prior to entering the army the son planted about six acres for his father, who was a farmer. The first four months of the year 1919 the

son worked in Cooperstown, N. Y. During the months of May and June he was home and helped in the work on the farm. From July, 1919, until the time of his death he worked for the appellant employer. During the year 1919 he contributed some of his earnings to his father but the testimony of the latter as to the amount of such contributions is somewhat unintelligible and inconsistent. At one time he stated that he had received from his son " close to $500 " in the year 1919. He subsequently testified that he had received $150. His verified claim filed with the Commission contains this statement: " This contribution consisted of $150.00 (about) in money and $60.00 in other things such as farm labor upon father's farm. All since Jany. last when decd. was discharged from the army." In view of the other evidence in the case the amount contributed by the son is not very material.

The claimant's farm consisted of 170 acres. He bought it about ten years ago for $4,200, of which $2,800 remains unpaid. He testifies that he has paid each year on this indebtedness $100 besides interest. He had seventeen cows, three horses and a quantity of poultry. He sold his milk and his income therefrom was $1,200 a year. In 1919 he raised 200 bushels of potatoes and sold 100 bushels for $100. He produced hay, wheat, oats and corn. The $1,300 received from the milk and potatoes did not, of course, represent all his income, because his family lived on the farm and much of the food for the family was supplied therefrom. Some of the produce of the farm was exchanged for family supplies. The claimant had nine children of whom one daughter and the three youngest sons were living at home. The other children were adults and had left home. Of the three boys at home the eldest was nineteen years old and in poor health and unable to do much work. The next younger one was seventeen and worked on the farm. The youngest was fourteen and went to school but helped with the farm work when not in school. The claimant was sixty-two years old and in good health. He and the three boys did substantially all the work on the farm. At the time of the death of the deceased son the claimant had over $600 in the bank which shortly thereafter was increased by another deposit of $100. He

testifies that of this amount $400 which was last deposited belonged to another son who was in the army and that $300 of the deposit belonged to himself. This $300 according to the evidence included a balance of $216 on May 1, 1918, before the deceased son entered the army and which balance could not, therefore, include any contribution from the deceased son.

"'The mere fact that a father receives money from a son and expends it is not alone sufficient to establish dependency.'" (*Profeta* v. *Retsof Mining Co.*, 188 App. Div. 383; *Birmingham* v. *Westinghouse Electric & Mfg. Co.*, 180 id. 48.) The necessity for such contributions must also be established. Here no such necessity appears. Nothing is shown to indicate a change in the circumstances of the claimant differentiating the year 1919 from previous years. It does not appear that the deceased son had given any assistance in former years except as stated. Whether his contributions in the latter part of his life were the result of filial devotion or like the money which the claimant received from his other son were to be held and accounted for by the claimant is not in this case material. The controlling circumstances are that the claimant independently of any assistance from the son in question was supporting his family, reducing each year the indebtedness on his farm and accumulating a fund deposited in the bank. A man who by his unaided resources is supporting his family and increasing his capital is not a dependent within the meaning of the Workmen's Compensation Law. (See § 16, subd. 4, as amd. by Laws of 1916, chap. 622.) That is what the claimant was doing according to his own testimony. His claim for compensation on the ground of dependency must, therefore, be denied.

The award should be reversed and the claim dismissed.

All concur.

Award reversed and claim dismissed.