Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FLORENTINO SAGARDI ERETZA,
   Respondent, for Compensation under the Workmen's Com-
   pensation Law for the Death of His Son, PLACIDO SAGARDI,
   v, FORT MONTGOMERY IRON WORKS, Employer, and
   THE TRAVELERS INSURANCE COMPANY, Insurance Carrier,
   Appellants.

Third Department, November 18, 1920.

**Workmen's Compensation Law — dependency — depositions, man-
ner of taking — evidence not establishing dependency of alien
claimant.**

In matters relating to dependency under the Workmen's Compensation Law
   there must be some competent evidence to establish the fact of dependency.
Where the question of dependency is sought to be established by deposi-
   tions, such depositions must " be taken in the manner prescribed by law
   for like depositions in civil actions in the Supreme Court " by the express
   provision of section 72 of the statute, and an award cannot be made solely
   upon the basis of informal depositions.
Award reversed and claim dismissed because of an entire lack of com-
   petent evidence to prove the dependency of the claimant, resident of
   Spain.

APPEAL by the defendants, Fort Montgomery Iron Works
and another, from an award of the State Industrial Com-
mission, entered in the office of the said Commission on the
24th day of February, 1919, and also from an award of the
said Commission entered in the office thereof on the 11th day
of November, 1919.

   *Benjamin C. Loder* [*E. C. Sherwood* and *William B. Davis* of
counsel], for the appellants.

   *Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy
Attorney-General, of counsel], for the respondents.

WOODWARD, J.:

   The employer and the insurance carrier appeal from an
award made to the father of Placido Sagardi, a resident of
Spain, on the ground of dependency.  The appellants contend

that there is no competent evidence of dependency on the part of Florentino Sagardi Eretza, the father, and that no claim was filed in the office of the Commission within the time fixed by the Workmen's Compensation Law. (See § 28, as since amd. by Laws of 1918, chap. 634.) The injuries were received on August 12, 1916, and resulted in death on the same day.

One of the Commissioners writes an opinion in this case (*Sagardi* v. *Fort Montgomery Iron Works*, 21 State Dept. Rep. 433) in which, upon the question of proof of dependency, he says he thinks " the proofs are in proper form " and that they come within the rule suggested in *Pifumer* v. *Rheinstein & Haas, Inc.* (187 App. Div. 821).

It is true, of course, that under section 68 of the Workmen's Compensation Law the Commission " in making an investigation or inquiry or conducting a hearing shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter," but it has been held that in matters relating to dependency there must be some competent evidence to establish the fact of dependency. (*Birmingham* v. *Westinghouse Electric & Mfg. Co.*, 180 App. Div. 48; *Frey* v. *McLoughlin Bros., Inc.*, 187 id. 824.) It is to be noted that section 68 of the statute is qualified by the provision " except as provided by this chapter." Section 72 does qualify the rule of section 68 by the provision that the " Commission may cause depositions of witnesses residing within or without the State to be taken in the manner prescribed by law for like depositions in civil actions in the Supreme Court." In other words, where the investigation is being carried on directly by the Commission or one of the deputies, the evidence need not be formal, but when the evidence is to be produced through depositions the requirement of the statute is that it must be done " in the manner prescribed by law for like depositions in civil actions in the Supreme Court." It is entirely clear, it seems to us, that the record in this case does not conform to this requirement, and that the Commission has no power to make awards solely upon the basis of informal depositions, such as are here involved. This was the rule asserted, independently of the statute, in *Pifumer* v. *Rheinstein & Haas, Inc.* (*supra*), and we

see no good reason for holding that anything less than the character of depositions required by the Code of Civil Procedure should be accepted. (See Code Civ. Proc. chap. 9, tit. 3.)

It is to be remembered that at common law the cause of action for injuries terminated with the life of the injured party; no one had any right to recover. This was changed by chapter 450 of the Laws of 1847, which as amended was revised in sections 1902 and 1903 *et seq.* of the Code of Civil Procedure, and the damages were exclusively for " the benefit of the decedent's husband or wife, and next of kin," and might never reach the father. It was only with the adoption of the Workmen's Compensation Law, and then in a remote contingency (§ 16, subd. 4, as amd. by Laws of 1916, chap. 622), that the father would be entitled to any share in the award, and this is further complicated by the requirements of section 17 (as amd. by Laws of 1916, chap. 622) in the case of aliens. The statute requires that " All questions of dependency shall be determined as of the time of the accident " (§ 16, subd. 4, as amd. by Laws of 1916, chap. 622),* and in the case of an alien it must appear, in addition, that the employee has supported, either wholly or in part, the alleged dependent for " the period of one year prior to the date of the accident." The record here makes no effort to prove the dependency at the time of the accident which occurred in 1916, and on the contrary it indicates, so far as it indicates anything, that the claimant owned a home, had a small grocery, and was in a position to help himself. But there is clearly an entire lack of competent evidence to prove dependency, and for this reason the award should be reversed.

All concur; JOHN M. KELLOGG, P. J., in the result.

Award reversed and claim dismissed.

---

* Since amd. by Laws of 1920, chap. 532.— [REP.