Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARIYO VASSILAKIS, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Husband, JAMES VASSILAKIS, *v.* FAIRFAX HOTEL COMPANY, INC., Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.

Third Department, November 18, 1920.

**Workmen's Compensation Law — error in award as to name of employee — necessity for legal evidence on which to base award — hearsay — unauthenticated documentary evidence — identity of alien claimants, widow and children of deceased, not established.**

*It seems*, that where in an award the given name of the employee is " Joseph " instead of " James," the error should be corrected.

Section 68 of the Workmen's Compensation Law, providing that the Industrial Commission shall not be bound by common-law or statutory rules of evidence, does not dispense with the necessity of legal evidence on which to base an award.

Hearsay evidence and unauthenticated documentary evidence may be used to satisfy the conscience of the Commission in connection with legal evidence, but it is the latter on which an award must ultimately be sustained.

No competent evidence was introduced that the individuals, residents of Greece, in whose favor the award was made are the widow and children

of deceased. The unverified certificate purporting to have been signed by the president of the community in which the claimant lived without any proper authentication of the signature, the statement of the widow that she is the wife of the deceased, unverified and improperly signed, the marriage certificate signed by the priest and the certificates of baptism of the several children signed by the priest and godparents, but unverified and unauthenticated, do not constitute legal evidence.

JOHN M. KELLOGG, P. J., dissents, with opinion.

APPEAL by the defendants, Fairfax Hotel Company, Inc., and another, from an award and order of the State Industrial Commission, entered in the New York office of said Commission on the 15th day of December, 1919.

*Philip J. O'Brien* [*John N. Carlisle* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

COCHRANE, J.:

James Vassilakis, the deceased employee, left him surviving as is claimed a widow and minor children residing in Ververato in the island of Chios, Greece. The Commission has made an award to the widow and children of " Joseph " Vassilakis and has commuted the award to a lump sum of $3,811.92 and directed payment of the same to the widow of " Joseph " Vassilakis. The error in the name would be sufficiently serious to require correction but there is another objection which requires a reversal of the award.

It has been repeatedly held that an award must be based on legal evidence. Section 68 of the Workmen's Compensation Law, providing that the Commission shall not be bound by common-law or statutory rules of evidence, does not dispense with the necessity for a residuum of legal evidence. However much the Commission in making their investigation may depart from the established rules of evidence or procedure there must be found some evidence recognized as legal before an award can be made. Hearsay evidence and unauthenticated documentary evidence may be used to satisfy the conscience of the Commission in connection with legal evidence, but it is the latter on which an award must ultimately be sustained.

(*Matter of Belcher* v. *Carthage Machine Co.*, 224 N. Y. 326; *Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 id. 435; *Matter of Eldridge* v. *Endicott, Johnson & Co.*, 228 id. 21; *Minerly* v. *Kingsbury Construction Co.*, 191 App. Div. 618; *White* v. *American Society for Prevention of Cruelty to Animals*, Id. 6.) The foregoing principles apply to questions of dependency and relationship. (*Bonnano* v. *Metz Brothers Co.*, 188 App. Div. 380; *Profeta* v. *Retsof Mining Co.*, Id. 383; *Pifumer* v. *Rheinstein & Haas, Inc.*, 187 id. 821.) The cases of *Moran* v. *Rodgers & Hagerty, Inc.* (180 App. Div. 821) and *Hansen* v. *Flinn-O'Rourke Co., Inc.* (192 id. 878) do not oppose but confirm the foregoing views inasmuch as there was in those cases legal evidence of the facts under consideration and the documentary evidence which was attacked was merely corroborative of such legal evidence.

There is presented to us no competent evidence that the individuals in whose favor this award has been made are the widow and children of James Vassilakis. No witness was sworn before the Commission. There was presented to the Commission an unverified certificate purporting to have been signed by the president of the community of Ververato that " Demetrios Nicholas Vassilakis " left as his wife and children the individuals for whose benefit an award has been made herein, but the signature of the president of the community is in no way authenticated except by some individual whose authority to do so is unknown. There was also presented a statement of the widow that she is the wife of " James (Demetrius) Vassilakis " and giving the names of their children. But this statement is not verified and is not even signed in any manner recognized by the laws of this State. There was also submitted the marriage certificate signed by the priest who performed the marriage ceremony and certificates of baptism of the children signed by the priest and godparents. But none of these latter certificates are verified or purport to be authenticated in any manner whatever. The foregoing documents may constitute evidence in Greece but no one will contend that they possess that dignity in New York. There should be no great difficulty in establishing by competent evidence the simple facts required in this case; in fact less difficulty than must have been experienced in collecting the

cumbersome documents submitted herein. Section 72 of the act provides for the taking of depositions, and two or three questions properly directed to the widow would doubtless procure all the necessary information. No one better than she can tell the Commission that she was the wife of the deceased and the names and ages of their children. The method of procuring such evidence is clearly defined and it is not unreasonable that the facts should be properly established.

The award should be reversed and the matter remitted to the Commission.

All concur, except JOHN M. KELLOGG, P. J., dissenting, with an opinion.

JOHN M. KELLOGG, P. J. (dissenting):

The Commission, as the result of a clerical error, has given the name of the employee as Joseph. This mistake may be disregarded or corrected under sections 721 and 1317 of the Code of Civil Procedure. It does not call for the reversal of the award or sending of the case back to the Commission.

I cannot agree that section 72 of the Workmen's Compensation Law requires that the evidence of foreign witnesses be taken by deposition. It provides: "The Commission may cause depositions of witnesses residing within or without the State to be taken in the manner prescribed by law for like depositions in civil actions in the Supreme Court." The section relates to all witnesses. If it were mandatory probably most of the awards by the Commission have been unauthorized, as they proceed upon the evidence, affidavits and statements received by the Commission in open session. The section is clearly permissive and not mandatory, and we have so held in *Moran v. Rodgers & Hagerty, Inc.* (180 App. Div. 821). Neither can I agree that documents cannot be used by the Commission as a basis of an award unless they are authenticated in the manner required by the Code of Civil Procedure to entitle them to be used in court on the trial of a common-law action. Section 68 of the Workmen's Compensation Law expressly provides to the contrary. It says that "the Commission * * * shall not be bound by common law or

statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter; but may make such investigation or inquiry or conduct such hearing in such manner as to ascertain the substantial rights of the parties." By subdivision 2 of section 67 the Commission may make rules providing for " the nature and extent of the proofs and evidence, and the method of taking and furnishing the same, to establish the right to compensation." The Commission in this case followed its usual practice. If the case must be proved by legal evidence, and the informal evidence contemplated by this section is only admissible as to facts otherwise proved, it has no force, because the award cannot be questioned upon the facts if there is any evidence to sustain it, and if that evidence must be common-law evidence, then it is useless to put in other evidence merely cumulative as contemplated by this section. If it means anything, it means that this Commission is to proceed in an informal manner and ascertain the facts in its own way, and that in so proceeding it need not regard the technical rules of evidence. The cases relied upon in the prevailing opinion establish that the unconfirmed statements by the injured party, not in accord with the known facts of the case, are not sufficient to sustain an award.

Here it was fully established, outside of the depositions, that the dependents upon the deceased were entitled to compensation. These proceedings are conducted in an informal way; the claimant is usually without counsel and it is evidently the intent of the act that the proceedings shall be so simple and informal that it is not necessary to incur the expense of counsel. The only question raised here is that there is no legal evidence that the claimants are the widow and minor children of the deceased. Many certificates and documents were put in evidence to establish those facts, and if the certificates are not required to be authenticated as technically prescribed by the Code for admission in evidence in an action, they establish beyond controversy the needed facts. No person can doubt, after reading them, that the parties are entitled to the compensation. To refuse to receive them as evidence is sacrificing substance to form and technicality, which the section we have referred to prohibits. Appellant

employer, in its report, certifies that the deceased was a married man and that it is informed that the widow and children live in Greece, leaving only the identity of the widow and the names and ages of the children to be established. The question of dependency is not involved. The power of attorney upon which the claim was made states the relationship and was executed before a notary public, who called in two disinterested witnesses who knew the family; he also knew it. His certificate is signed by the witnesses and by the notary with his official seal. She having declared her illiteracy did not sign, but evidently the witnesses were used to take the place of her signature. The president of the court of first instance authenticated under his seal and the signature of the notary; the Governor of Chios, under his seal, certified to the signature of the president, and the Vice Consul, who apparently was acting in behalf of the United States, certified to the signature of the Governor. A certificate from the matriculation book of the community of Ververato in the Department of Chios, certified under the hand and seal of the president of the community, certifies to the birth and death of the deceased, the identity of the widow and the names and ages of the children. The certificate is also certified by the pastor, under his seal of office, the genuineness of the president's signature being certified by the prefect under his seal of office. The affidavit of the widow is in due form and declares that she solemnly swears to its contents, which show that she is the widow and the names and ages of the children. She signs with a finger mark, being illiterate, but the affidavit is sealed and delivered in the presence of the president of the community of Ververato. Attached to it is the certificate of the English Vice Consul, charged with the United States interests, which instead of saying that she swears to it says that she acknowledged that she " executed the same." If this certificate had said that she swore to it before him, there would be no question as to its being legal proof as to the facts stated. I think when he certifies that she executed it and the paper shows that it is an affidavit, that the inference, before this Commission at least, is fairly admissible that she swore to it. The certificates as to the birth of the widow, the deceased and their children, with

their ages, and the marriage certificate by the priest who officiated, are shown and carry conviction, although they would not be admissible in a court of justice because not technically authenticated as required by the Code of Civil Procedure. They cannot be fictitious. The Commission is not the only body which may proceed without formal evidence; the various assessing bodies and various boards transacting business of the utmost importance throughout the State proceed upon information not gained according to legal rules but upon facts which have been satisfactorily established. Each case cited in the prevailing opinion must be read with reference to its particular facts. Each decision is controlling only on the actual point decided. In *Bonnano* v. *Metz Brothers Co.* (188 App. Div. 380) it was necessary to show that the parents in a foreign country had been supported either wholly or in part for the period of one year prior to the date of the accident by a fifteen-year-old boy. We held that the facts stated in the depositions did not warrant the conclusion that they were dependents. We commented on the manner in which the certificates were authenticated and suggested the proper way to furnish evidence, meaning undoubtedly with reference to such an extreme case as we were considering. The decision rested principally, however, upon the want of proper allegations of fact in the documents. Here the statements in the documents are absolutely convincing and are not subject to criticism, and none of the cases cited compel or permit us to affirmatively repeal a statute or to treat it as of no force. We are required by all rules of practice, even in civil practice, to disregard technical errors which do not affect the real merits. The Commission could not have made any decision other than the one under review. I favor its affirmance.

Award reversed, and matter remitted to the Commission.