Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of WACLAW STRUZYCKI, Respondent, for Compensation under the Workmen's Compensation Law, *v.* R. W. SMITH CONTRACTING COMPANY, Employer, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Insurance Carrier, Appellants.

*Workmen's Compensation Law — notice of injury — amendment of section 18 of statute.*

Award affirmed. All concur, except Kiley, J., dissenting, with a memorandum.†

KILEY, J. (dissenting): The accident in this case occurred on the 7th day of May, 1918. At that time the claimant was required, by section 18

---

† See *Struzycki v. Smith Contracting Co.* (20 State Dept. Rep. 410).— [REP.

of the Workmen's Compensation Law, to give written notice of the accident and injury to his employer within ten days. On May 13, 1918, and before claimant had given such written notice to his employer, section 18, *supra*, was amended, extending the time to give notice to thirty days, and permitting the Commission to excuse default of the written notice, where " notice for some sufficient reason could not have been given, or on the ground that the employer, or his or its agents in charge of the business in the place where the accident occurred or having immediate supervision of the employee to whom the accident happened, had knowledge of the accident, or on the ground that the employer has not been prejudiced thereby." It is conceded that the claimant did not, within ten days, give the notice he was required to give by the law as it stood on the day he received his injury. The question is here presented for the first time under this section of the Workmen's Compensation Law, whether this amendment to said section 18, *supra*, is retroactive as well as prospective. I am impressed with the importance of the decision to be reached on this question. It must be conceded that the amendment of May 13, 1918, repealed, so far as it superseded, the provisions of section 18, *supra*, as such were on the 7th day of May, 1918, when claimant was injured; in other words, it wiped out the provisions as to notice, time of giving thereof, and the effect of failure to give that notice in writing, as effectively as it would if it did not substitute any provision in the place thereof, and such is the effect here whether we call it a repeal or an amendment. If I am right in this observation, section 93 of the General Construction Law applies. It reads as follows: " The repeal of a statute or part thereof shall not affect or impair any act done, offense committed or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect, but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such repeal has not been effected." Section 110 of said General Construction Law provides that the chapter is applicable to every statute unless some other provision of the law indicates a different intention. I have always understood, that means since I have studied law, that a pre-existing right or liability, will not be affected by legislation, unless legislative intent to the contrary is obvious; if there is a doubt it is to be resolved in favor of holding the subsequent statute prospective only. Appellant claims it had a vested right at the time this accident occurred by which the claimant was injured, viz., to have a notice thereof in writing served upon it within ten days. That to deprive it of that right this amendment must be held to be retroactive. Can it be held retroactive without the intention to have it so regarded clearly expressed in the amendment? In *Matter of Miller* (110 N. Y. 216) it is held that an amendatory statute has no retroactive effect unless such a legislative intent is discoverable in the act. Same is held in *Quinlan* v. *Welch* (141 N. Y. 158, 165); *Walker* v. *Walker* (155 id. 77); *Kelly* v. *Mulcahy* (131 App. Div. 639); *Stevenson Brewing Co.* v. *Eastern Co.* (22 id. 523). In *Bailey* v. *Kincaid* (57 Hun, 516) a motion was made to dismiss an appeal; the right to appeal began May 6, 1890, under section 1341

of the Code of Civil Procedure as it read on May 6, 1890. The appellant had sixty days in which to appeal from the judgment against him. On May 26, 1890, that section was amended and went into effect, cutting the time in which to take an appeal down to thirty days.* Appellant did not take his appeal within the thirty days but did within sixty days. The appeal was dismissed holding, in effect, he was bound by the law as it was when his right to appeal began. The repeal or amendment of a statute is governed by the same rule. (*People ex rel. New York Edison Co.* v. *Willcox*, 151 App. Div. 832, 839.) In *Geneva & Waterloo R. Co.* v. *N. Y. C. & H. R. R. R. Co.* (163 N. Y. 228) it is said: "It is a general rule in the construction of statutes that they are, not to be given any retroactive effect when the language employed is fairly capable of any other construction." The rule contended for by the appellants has been applied under another section of the Workmen's Compensation Law. (*Moran* v. *Rodgers & Hagerty, Inc.*, 180 App. Div. 821.) The amendment to section 18 of the Workmen's Compensation Law is found in chapter 634 of the Laws of 1918. It contains no saving clause, nor any reservations; it was to take effect immediately, and is governed by section 110 of the General Construction Law. If this amendment acted prospectively only, as stated by Judge Kellogg, then it would not reach back to a compensable injury which occurred before the date of the amendment. To accomplish that we will have to give it a retroactive effect. We will have to make this statute an exception to the general rule. The respondents refer us to no authority for such action. I find none; I am not ready to consent to disturb a rule, so long and so well established. I, therefore, dissent and favor a reversal of the award and a dismissal of the claim.

---

* See Laws of 1877, chap. 416, § 1, subd. 263; Laws of 1890, chap. 450.—
[REP.