Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of Mrs. JOSEF HUNKO, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of JOSEF HUNKO, v. BUFFALO CRUSHED STONE COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 15, 1922.

**Workmen's Compensation Law — death claim — notice of injury — notice not given in time might have been excused as employer had knowledge — claimant is non-resident alien — Vice-Consul of country of residence could give notice of injury.**

While the notice of injury was not given in behalf of the claimant within thirty days after the death of the employee, as required by section 18 of the Workmen's Compensation Law, the State Industrial Board could have excused that failure,

though it did not do so in its findings, inasmuch as the report of the employer, which was filed on the day after the death of the injured employee, showed that it had the information which the notice was intended to give.

The claimant, the wife of the deceased employee, is a non-resident alien and the notice of injury was properly given by the Vice-Consul of the country of her residence.

APPEAL by the defendants, Buffalo Crushed Stone Company and another, from a decision and award of the State Industrial Board, made on the 7th day of July, 1921.

*Benjamin C. Loder* [*Clarence S. Zipp* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

KILEY, J.:

Josef Hunko, claimant's intestate, was a native of the Kingdom of Hungary, and while working for the Buffalo Crushed Stone Company, his employer, near or at Buffalo, N. Y., on the 14th day of October, 1916, was so injured that he died on the 15th day of October, 1916. It is alleged that he left a widow and two children in Hungary. The children are above the compensable age and a claim was made for the widow, which was allowed and an award made. The carrier and employer appealed, and they raise two questions upon this appeal: *First.* That the claimant was not shown to be the widow of the decedent. The relationship has to be shown by properly authenticated evidence. The documentary evidence intended to show the marriage relation between deceased and claimant is insufficient. (*Pifumer* v. *Rheinstein & Haas, Inc.,* 187 App. Div. 821.) The counsel for the State Industrial Board concedes that this evidence is insufficient.

The second question raised is that no claim for compensation was made by the alleged widow within the statutory period. Section 18 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41), which was in force when the accident happened, provides that " Notice of an injury for which compensation is payable under this chapter shall be given to the Commission and to the employer within ten days after disability, and also in case of  *  *  *  death  *  *  *  within thirty days after such death. Such notice may be given by any person claiming to be entitled to compensation, or by some one in his behalf." The same section provides that for certain reasons therein specified the failure to give the notice may be excused. Section 28 of the same statute provides that " The right to claim compensation under this chapter shall be forever barred unless within one year after the injury, or if death results therefrom, within one year after

such death, a claim for compensation thereunder shall be filed with the Commission." On May 13, 1918, both sections 18 and 28 were amended by chapter 634 of the Laws of 1918 and in some respects were materially changed, but so far as giving notice of death within thirty days after such death and filing a claim within one year after such death are concerned the sections were not changed. On July 1, 1922, these sections, so far as here material, were revised without change, except for verbal changes, in sections 18 and 28 of the present Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1922, chap. 615). The accident occurred October 14, 1916, and death followed the next day. The Vice-Consul of Austria-Hungary gave notice of the injury and death to the State Industrial Commission on November 20, 1916, and filed a claim about the same time; both acts were in behalf of this claimant. The notice of injury and death was filed after the expiration of the thirty days provided for by section 18, although the claim was filed within the year allowed by section 28. The Industrial Board or Commission does not excuse the failure to give timely notice in its findings making the award. This could have been done as will be seen by examining the report of the employer which was filed October 16, 1916, the next day after the death of the injured party, showing that it had the information which a notice is intended to give. It is also urged that the Vice-Consul is not the person contemplated in section 18 as authorized, aside from a claimant, to give such notice or to file a claim under section 28. Such contention is not tenable. The Vice-Consul was well within his duties and province in protecting the interests of his nationals. While the circumstances obtaining were different, the holding laid down in *The Bello Corrunes* (19 U. S. [6 Wheat.] 152) is applicable here.

The award should be reversed and the matter remitted to the State Industrial Board for further consideration, with costs against said Board.

H. T. Kellogg, Acting P. J., Van Kirk, Hinman and Hasbrouck, JJ., concur.

Award reversed and matter remitted to the State Industrial Board, with costs to the appellants against the State Industrial Board to abide the event.