Before STATE INDUSTRIAL BOARD, Respondent.
W. W. MOSHER, Claimant, Respondent, *v.* OSCAR CARLTON and Another, Appellants.

Third Department, November 15, 1923.

Workmen's compensation — award made in 1921 on basis that claimant was of age — after award was paid in full it was rescinded and award made on basis of minority of claimant — Workmen's Compensation Law, § 22, as it existed at time of award did not permit increase as to award already made and paid — amendment, effective July 1, 1922, not retroactive.

The State Industrial Board had no power, after making an award in 1921 on the basis that the claimant was of age, to rescind the award after it had been paid in full and make a new award on the basis that the claimant was a minor at the time of the injury, since section 22 of the Workmen's Compensation Law as it existed at the time the award was made did not permit the State Industrial Board to increase an award which had been previously made and fully paid.

The amendment to section 22 of the Workmen's Compensation Law which became effective on July 1, 1922, under which an award in a case of this kind might be increased although it had been paid, is not retroactive and did not authorize the State Industrial Board to make an increased award in this case.

APPEAL by the defendants, Oscar Carlton and another, from an award of the State Industrial Board, made on the 26th day of

February, 1923, and also from a decision of said Board, made on the 29th day of March, 1923, affirming said award.

*F. A. W. Ireland,* for the appellants.

*Carl Sherman, Attorney-General [E. C. Aiken* and *Jerome J. Donovan, Deputies Attorney-General,* of counsel], for the respondents.

McCANN, J.:

The claimant was injured on February 23, 1921. On November 1, 1921, the State Industrial Board awarded compensation for forty-three and one-fifth weeks at the rate of eight dollars a week, which award the insurance carrier paid in full. On January 29, 1923, there was another hearing at which time it appeared for the first time that at the time of the accident the injured employee was eighteen years of age. The former award was thereupon rescinded and an order made for the payment of forty-three and one-fifth weeks at nineteen dollars and twenty-three cents per week, and the average wage of the claimant at the time of the injury, taking into consideration the fact that under normal conditions his wages would be expected to increase, was determined at twenty-eight dollars and eighty-five cents. The appeal is taken from the latter award on the ground that there is no evidence which justified the finding of the latter amount as a weekly wage and on the further ground that under section 22 of the Workmen's Compensation Law of 1914, in force at the time of the accident, the State Industrial Board had no power to make an award affecting the money already paid. Section 22 was amended by the Workmen's Compensation Law of 1922, which revised the act and became effective on July 1, 1922. The amended section reads as follows: " No such review shall affect such award as regards any moneys already paid, except that an award for increased wages under subdivision five of section fourteen may be made effective from date of injury."

The claimant insists that this amendment is applicable because the accident happened on February 23, 1921, and the carrier had paid the award of November 1, 1921, before the modified award of February 26, 1923, was made. The latter award was made retroactive and the opinion of the chairman of the Industrial Board is to the effect that in the case at bar the amendment to the law was applicable:

The opinion says: " This amendment does not give the claimant a new or greater legal right than he had under the law as it existed at the time of his accident. At that time he had the right to have his compensation fixed as provided for by section 14, subdivision 5. The failure of the State Industrial Board to give him the benefit of this section did not minimize or destroy the

right. After, however, the award of November 1, 1921, had been paid to him, his remedy had been cut off by the limitations of section 22. By the amendment of July 1, 1922, he was thereby given a remedy for his original right. This amendment must, therefore, be regarded as purely remedial and procedural, and must be made applicable to cases wherein a remedy is sought after the date of its enactment for the enforcement of a previously existing right."

The opinion then quotes the case of *Draper* v. *Draper & Sons, Inc.,* (201 App. Div. 770), which holds that a law is never to have a retroactive effect, unless it is clearly so stated. In the latter case the court said: "There may be exceptions to the rule where remedies are afforded relating to the enforcement of previously existing legal or equitable rights. With such exceptions we are not here concerned."

The chairman of the Industrial Board then states: "I am of the opinion that the amendment under consideration clearly falls within the exception pointed out by the Court. I therefore concur in the action of Miss Perkins, affirming the award made on February 26, 1923."

We cannot agree with the chairman of the Industrial Board in his construction of the language in the *Draper* case, and upon such case and the decisions in *Moran* v. *Rodgers & Hagerty, Inc.* (180 App. Div. 821) and *Neglea* v. *Zimmerman Corp.* (206 id. 634), we hold that the Industrial Board was in error in making the amendment retroactive and that such award should be rescinded, and it appearing that the amount fixed under the award of November 1, 1921, has been paid, that the claim should be dismissed, and the case closed, with costs of this appeal.

COCHRANE, P. J., H. T. KELLOGG and HASBROUCK, JJ., concur; VAN KIRK, J., concurs in result.

Award reversed and claim dismissed, with costs against the State Industrial Board.