In the Matter of the Claim of MAGNUS ASTLES, Respondent, against EMPORIUM FORESTRY COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award reversed and claim remitted to the State Industrial Board, without costs, on the ground that in making finding of eighty-five per cent loss of use of finger the Board has relied solely on an unverified medical report. All concur.

In the Matter of the Claim of JAMES BLAKE, Respondent, against EDWARD MICHEL, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the ground there is no evidence to show that the claimant was disabled as the result of an accident. (*Matter of Magna* v. *Hegeman Harris Co.*, 258 N. Y. 82.) All concur.

In the Matter of the Claim of OTTO KELLY, Respondent, v. BINGHAMTON BRICK COMPANY, Appellant, and STATE INSURANCE FUND. STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to the State Industrial Board.

In the Matter of the Claim of HERMAN N. RADEMAN, Respondent, against ECKERSON COMPANY and SECURITY MUTUAL CASUALTY COMPANY, Appellants, and R. C. WILLIAMS Co., INC., and ALLIED MUTUALS LIABILITY INSURANCE COMPANY. STATE INDUSTRIAL BOARD, Respondent. — Award unanimously affirmed, with costs to the State Industrial Board.

In the Matter of the Claim of NICHOLAS LOMBARDI, Respondent, against ELECTRO-CHEMICAL ENGRAVING Co., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to the State Industrial Board.

In the Matter of the Claim of HUGH KELLY (JOHN J. KELLY, Deceased Employee), Respondent, against LICHT REALTY Co., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to the State Industrial Board.

In the Matter of the Claim of CATHERINE OWENS, Respondent, against DWIGHT P. ROBINSON COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground there is no evidence showing necessity for the contributions made by the deceased to the mother. (*Schedzick* v. *Volney Paper Co.*, 193 App. Div. 551, 553; *Matter of Walz* v. *Holbrook, C. & R. Corp.*, 170 id. 6; *Kelley* v. *Hoefler Ice Cream Co.*, 196 id. 800; *Herman* v. *American Railway Express Co.*, Id. 219; *Matter of Sigalove* v. *Penzel*, 218 id. 306.) All concur.

In the Matter of the Claim of MEYER PENN, Respondent, against JACOB LUNITZ & SONS and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to the State Industrial Board.

In the Matter of the Claim of HOWARD SCANDALL, Respondent, against LEDERLE ANTITOXIN LABORATORIES and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to the State Industrial Board, on the authority of *Matter of Fomolo* v. *Oakdale Contracting Co.* [*ante*, p, 749], decided by this court March 17, 1932.